UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAR EAST AMERICAN, INC., AND LIBERTY WOODS INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Ct No. 22-00213 |

## **COMPLAINT**

Far East American, Inc. ("FEA") and Liberty Woods International, Inc. ("Liberty"), by their undersigned attorneys, hereby bring this civil action and allege the following:

## **Administrative Decision Contested**

1.   Plaintiffs contest (a) the affirmative final determination as to evasion made pursuant to 19 U.S.C. § 1517(c), the Enforce and Protect Act ("EAPA"), Consolidated Investigation No. 7252, issued by U.S Customs and Border Protection's ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED") on January 28, 2022 ("TRLED Final Determination"); and (b) CBP Office of Trade, Regulations & Rulings' ("ORR") administrative review decision ("ORR Decision") dated June 6, 2022 affirming TRLED's determination.

## **Parties**

2.   FEA and Liberty are U.S. companies acting as importers of record of hardwood plywood

1

manufactured by Vietnam Finewood Company Limited ("Finewood"), a privately held company organized under the laws of Vietnam.  Plaintiffs were specifically named and targeted by CBP in the EAPA Investigation, Consolidated No. 7252 (hereinafter, "EAPA 7252").  Plaintiffs are thus interested parties in accordance with 19 U.S.C. § 1517(a)(6)(A)(i).

3.   Defendant is the United States of America, acting by and through CBP.

## Jurisdiction

4.   This Court has jurisdiction over Plaintiffs' action pursuant to 19 U.S.C. § 1517(g)(1) and 28 U.S.C. § 1581(c).

## Standing

5.   Plaintiffs are each a "person determined to have entered covered merchandise through evasion" and therefore each has standing to bring this action in accordance with 19 U.S.C. § 1517(g)(1).  Plaintiffs were adversely affected and aggrieved by TRLED's affirmative evasion determination under 19 U.S.C. § 1517(c) and ORR's affirmation of TRLED's determination under 19 U.S.C. § 1517(f), which are agency actions within the meaning of 5 U.S.C. § 702.  Therefore, Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(i) and 5 U.S.C. § 702.

## Timeliness

6.   An action under 28 U.S.C. § 1581(c) based on 19 U.S.C. § 1517 must be commenced within thirty (30) business days after ORR completes its administrative review under 19 U.S.C. § 1517(f).  *See* 19 U.S.C. § 1517(g)(1).  ORR completed its administrative review

on June 6, 2022 by sending Plaintiffs an email transmitting the ORR decision (also dated June 6, 2022).  The thirtieth business day after June 6, 2022 (excluding six Saturdays, six Sundays, two federal holidays - Juneteenth and Independence Day) falls on Wednesday, July 20, 2022.  Accordingly, this action is timely filed.

### Facts

7.  The Department published its antidumping and countervailing duty orders on hardwood plywood from China on January 4, 2018.  *Certain Hardwood Plywood from the People's Republic of China: Antidumping Order*, 83 Fed. Reg 504 (Dept. Commerce, Jan. 4, 2018); *Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Dept. Commerce, Jan. 4, 2018) (together: the "Orders").

8.  On July 9, 2018, Plywood Source, LLC ("Plywood Source" or "Alleger") filed five allegations separately with CBP identifying and alleging Plaintiffs FEA and Liberty, and three other U.S. importers (Ciel Group, Inc., American Pacific Plywood, Inc., and InterGlobal Forest LLC) each imported hardwood plywood from Vietnam into the United States that was produced in China and transshipped from China to Finewood in Vietnam, thereby evading antidumping and countervailing duties imposed under the Orders.  *See* CBP, Notice of Initiation of Investigation and Interim Measures at 2 (Nov. 20, 2018) ("Interim Measures Notice").

9.  CBP acknowledged receipt of Plywood Sources' allegations on July 25, 2018.  *See* Interim Measures Notice at 2.

10. On August 15, 2018, the fifteenth business day after receiving Plywood Sources' allegation, CBP determined that the information provided in the allegation reasonably

suggests that Chinese goods subject to the Orders has been entered into the U.S. through evasion by the targeted U.S. importers.  *Id*.  Therefore, CBP initiated EAPA Investigation 7252 against Plaintiff FEA, EAPA Investigation 7256 against Plaintiff Liberty, EAPA Investigation 7253 against Ciel Group, Inc., EAPA Investigation 7254 against American Pacific Plywood, Inc., and EAPA Investigation 7255 against InterGlobal Forest LLC.

11.  Between August 15, 2018 and November 13, 2018, CBP conducted a secret investigation of Plaintiffs, Finewood, and other targeted U.S. importers based on Plywood Sources' allegations.  Neither Plaintiffs nor Finewood were made aware of CBP's secret investigation, and none were given an opportunity to defend against Plywood Sources' allegations or CBP's initial interpretations of such or to stop importing in light of the serious consequences of EAPA investigations.

12.  CBP consolidated the five EAPA investigations into a single investigation under consolidated investigation number 7252, under 19 C.F.R. § 165.13(a).  *Id.*

13.  On October 24, 2018, CBP officers along with agents from U.S. Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) visited Finewood's plant in Vietnam without prior notice, and further scheduled an appointment to observe Finewood's production operation on the following day.  *See generally*, CBP Interoffice Memorandum (Oct. 29, 2018) ("Attaché Report").

14.  On October 25, 2018, three persons, two from the above agencies, one of which served as an English-Vietnamese and Vietnamese-English translator, visited the plant.  *See* Attaché Report at 2.  Given that there was essentially no notice of this visit, Finewood was unable to retain counsel or even arrange to have its own trained translator attend the visit.  *See id.*

(where the report indicated that one of the Vietnamese staff of Finewood would have to serve as translator for spoken Chinese).  This was significant because questions and answers had to be translated from English by a CBP Vietnamese translator into Chinese and back again, presenting a high risk of misunderstanding by CBP and Finewood officials. At no time during the visit did the visit team notify Finewood that the visit was in relation to an EAPA investigation or of the allegations or of the draconian consequences of the EAPA law and regulations.

15.   On November 13, 2018, pursuant to 19 U.S.C. §1517(e) and 19 CFR § 165.24 and with no prior notice at that time to Plaintiffs or Finewood, CBP issued an interim decision based on a *reasonable suspicion* of transshipment and evasion of the Orders.  *See* CBP TRLED, Notice of Initiation of Investigation and Interim Measures (Nov. 20, 2018) ("Interim Measures Notice").  CBP imposed interim measures against all five targeted U.S. Importers, including Plaintiffs, directing that all unliquidated entries of imported merchandise under this investigation that entered the United States as not subject to AD CVD duties were to be rate-adjusted to reflect that they are subject to the AD/CVD orders on hardwood plywood from China and requiring cash deposits in excess of 200% *ad valorem*. *See* 19 CFR § 165.24(b)(1)(i) and (ii). Additionally, CBP required that the U.S. Importers make "live entry" for all future imports, meaning that the U.S. Importers must provide all entry documents and duties before CBP releases the cargo (i.e., plywood made in Vietnam by Finewood) into U.S. commerce. CBP stated that it extended the period for liquidation for all unliquidated entries that entered ***before*** the date of initiation, August 15, 2018 (*i.e.*, approximately one year before the date of initiation, to ***August 15, 2017***), among other remedies. *See* 19 CFR § 165.24(b)(1)(i) and (ii); Interim Measures Notice at

6.

16. On November 20, 2018, for the first time, CBP notified the Plaintiffs and the other three U.S. importers of EAPA investigation 7252 by sending an email transmitting the Interim Measures Notice described above, noting that CBP need only have sufficient evidence to support a reasonable suspicion that merchandise subject to an AD duty or CVD order was entered into the United States by the U.S. Importers by a material false statement or act, or material omission, that resulted in the reduction or avoidance of applicable AD/CVD cash deposits or other security. *See* Interim Measures Notice; *see also*, Email from EAPA Allegations (eapallegations@cbp.dhs.gov) to targeted U.S. Importers; Subject: U.S. Customs and Border Protection EAPA Cons. Case Number 7252: TRLED Notice of Investigation and Interim Measures (Nov. 20, 2018).  Plaintiffs were not provided confidential versions of the Notice or associated documents at any time in the proceeding.

17. On November 23, 2018, CBP transmitted a total of twenty-two (22) public version documents to Plaintiffs and the other three targeted U.S. importers, supposedly containing all public version documents on the administrative record as of November 23, 2018.  *See* Email from EAPA Allegations (eapallegations@cbp.dhs.gov) to targeted U.S. Importers; Subject: FW: RE: EAPA Cons. 7252: Administrative Records to Serve To The Parties – (E-Mail 1 of 3) (with 12 attachments), – (E-Mail 2 of 3) (with 5 attachments), and – (E-Mail 3 of 3) (with 5 attachments) (Nov. 23, 2018).

18. Of the 22 documents, 12 of them appear to be allegations and factual information in support of the allegations filed by Plywood Source, and none of them are dated.  The rest of the documents include TRLED's 5 EAPA Allegation Receipt Checklists dated July 25,

2018 and TRLED's 5 EAPA Initiation Checklists dated August 15, 2018 against each of the five targeted U.S. importers.

19.  Between November 23, 2018 and May 3, 2019, Plaintiffs FEA and Liberty each responded to two CBP requests for information within the context of the consolidated EAPA investigation.  The other three targeted U.S. importers also responded to CBP's requests for information.  Further, Finewood responded to six CBP requests for information.

20.  On May 16&17, 2019, as part of the EAPA investigation, several CBP officers visited Finewood in Vietnam to verify Finewood's and the U.S. Importers' voluminous responses to CBP's requests for information.  Unlike previous visits, this visit was planned and coordinated with Finewood's counsel and CBP provided an agenda.  Finewood's legal counsel was present at this CBP verification.  The CBP officers closely observed the entire production process from veneer to finished plywood.  They also inspected and verified two-ply veneer that was the foundational evidence underlying the Alleger's allegation that Chinese "plywood" was being transshipped by Finewood.  *See* U.S Customs and Border Protection Office of Trade On-Site Verification Report EAPA Cons. Case No. 7252 (July 24, 2019) ("Verification Report" or "Ver. Rp.").  CBP's verification team confirmed that Finewood imported two-ply from China, not finished plywood contrary to the allegation that started this long disruptive saga, for further manufacturing into plywood that Finewood exported to the United States.  *Id*. at 7.  The team also found no discrepancies in original production and sales documents to those that Finewood provided in response to CBP's questionnaires.  *Id*. at 9.

21.  On August 9, 2019, Plaintiffs FEA and Liberty, other targeted U.S. Importers, and

Finewood each submitted written arguments to CBP, noting that Finewood had submitted all of its production and sales records related to the sales to the five importers under investigation and other U.S. customers not under investigation. As such, Plaintiffs and Finewood maintained that the Alleger had not met its burden to provide substantial evidence of a transshipment of Chinese plywood covered by the scope of the antidumping duty and countervailing duty orders on such merchandise; nor has CBP developed substantial evidence of such a transshipment or evasion of those orders. Accordingly, CBP was asked to issue a negative final finding in this evasion investigation.

22.     Rather than issue a final determination, on September 25, 2019, CBP informed the interested parties in the EAPA Investigation via email that it "is unable to determine whether certain merchandise shipped from manufacturer Finewood in Vietnam to the importers named in the allegation is properly within the scope of antidumping and countervailing duty orders", and therefore was making a scope referral to the U.S. Department of Commerce. CBP's email dated September 25, 2019 did not provide the scope referral itself, nor did it provide any specific information on the nature of the scope referral.

23.     On November 1, 2019, CBP, for the first time, made available an undated scope referral that appeared to be in draft form to Plaintiffs. In the undated scope referral, CBP completely ignored Finewood's and Plaintiffs' factual and legal argument set forth in their written arguments regarding the fact that two-ply raw material was not merchandise subject under the Orders. Instead, CBP's scope referral to the Department relied on the following facts: Finewood produced finished plywood, imported two-ply from China under HTSUS

4412; Finewood outsourced some of the Chinese veneer to tollers in Vietnam to "develop" the Chinese cores; Finewood applied hardwood face and back veneer to the self-produced or tolled cores (of varied numbers of plies), and exported the finished plywood to the United States.

24.   On December 27, 2019, Finewood, FEA, and U.S. importer InterGlobal Forest LLC instituted an action in the Court of International Trade ("CIT") pursuant to 28 U.S.C. § 1581(i)(1)(B) and (D), in which Liberty intervened as Plaintiff-Intervenor, claiming (i) CBP failed to conclude its EAPA Investigation within the statutory time frame provided for in 19 U.S.C. §§ 1517(c)(1)(A) & (B), and (ii) CBP's scope referral to Commerce was untimely.  *See Vietnam Finewood Company Limited, et al. v. United States*, Court No. 19-00218 ("*Finewood I*"), ECF Doc. 5.

25.   On January 13, 2020, Commerce initiated a scope inquiry, allegedly based on CBP's scope referral although Commerce indicated in its initiation notice that the scope inquiry was "self-initiated."  *See* Dep't Commerce, *Certain Hardwood Plywood From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Scope Inquiry*, 85 Fed. Reg. 3024 (Jan. 17, 2020) ("DOC Notice").  Commerce set May 18, 2020 as the deadline for its final determination in the scope inquiry, but gave notice that it could extend this deadline, if necessary.

26.   On March 11, 2020 and March 19, 2020, Commerce sent liquidation instructions to CBP to liquidate all entries exported by Finewood. On March 20, 2020, CBP began liquidating the Plaintiffs' entries of Finewood's merchandise assessing AD and CVD duties of 206%. Plaintiffs each filed protest with CBP against the premature and unlawful liquidations.  *See*

19 U.S.C. § 1517(e)(1) (stating that CBP shall suspend the liquidation of unliquidated covered merchandise entries upon the imposition of an affirmative interim measure).

27. On July 31, 2020, the Court issued an Opinion and Order in *Finewood I* denying Plaintiffs' Motion for Leave to File a Supplemental Complaint and granting the Government's Motion to Dismiss for lack of subject-matter jurisdiction, holding that FEA and Liberty will have a remedy pursuant to 28 U.S.C. § 1581(c) as that is not manifestly inadequate, and therefore plaintiffs could not invoke the (i) jurisdiction. The same day, the Court entered a judgment dismissing *Finewood I*, ECF Doc. Nos. 67 & 68. *Vietnam Finewood Co. v. United States*, 466 F. Supp. 3d 1273 (Ct. Int'l Trade 2020).

28. On August 5, 2020, Liberty instituted an action at the CIT pursuant to 28 U.S.C. § 1581(i)(1)(B) and (D) contesting CBP's unlawful liquidations. *See Liberty Woods International, Inc. v. United States*, Court No. 20-00143, ECF Doc. Nos. 1 & 2 ("*Liberty Woods*").

29. On August 14, 2020, Finewood, FEA, and U.S. importer InterGlobal Forest LLC instituted an action at the CIT pursuant to 28 U.S.C. § 1581(i)(1)(B) and (D) contesting CBP's premature liquidations. *See Vietnam Finewood Company Limited, et al. v. United States*, Court No. 20-00155 ("*Finewood II*"), ECF Doc. Nos. 1 & 5.

30. On November 3, 2020, the CIT stayed further proceedings in Ct. No. 20-00143, and on November 10, 2020, the CIT stayed further proceedings in Ct. No. 20-00155, pending CBP's final determination in EAPA Inv. 7252 or 15 days after CBP decides FEA's and Liberty's protests if such decision occurs prior to CBP's final EAPA determination. CIT Ct. No. 20-00143, ECF Doc. 13 and CIT Ct. No. 20-00155, ECF Doc. No. 12.

31.   After extending the scope determination several times, on January 21, 2022, Commerce

issued a final scope determination that plywood manufactured by Finewood incorporating

two-ply from China are subject to the Orders.  *See* Memorandum from Nicolas Mayora,

International Trade Analyst, Office V, AD/CVD Operations to James Maeder, Deputy

Assistant Secretary for AD/CVD Operations Regarding Antidumping Duty and

Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's

Republic of China, Enforcement and Protect Act (EAPA) Investigation No. 7252, Final

Scope Ruling (Jan. 21, 2022) ("Scope Ruling").  Specifically, Commerce found that two-

ply is covered by the scope of the orders under "certain veneered panels" (even though they

are not composed of the minimum three plies of wood veneer that appears to be a

requirement in the scope language) and Finewood's two-ply imported from China was not

substantially transformed in Vietnam when made into plywood in that third country.

32.   On January 28, 2022, Commerce placed a memorandum on its scope inquiry administrative

record, stating that it transmitted the scope ruling determination to CBP on January 27,

2022.  *See* Memorandum from Nicolas Mayora, International Trade Analyst, Office V,

AD/CVD Operations to Interested Parties Regarding Certain Hardwood Plywood Products

from the People's Republic of China, Response to Covered Merchandise Referral (Jan. 28.

2022), ("Scope Referral Response").

33.   Also on January 28, 2022, within 24 hours of apparent notice of the complex scope ruling

by Commerce, TRLED issued a public version of its final determination of evasion.  *See*

TRLED, Re: Notice of Determination as to Evasion (Jan. 28, 2022) ("TRLED Det.").  In

this determination, TRLED found that Finewood lacked the production capacity to produce

the plywood it exported to the United States, citing as support (i) the Alleger's claim of

such and the Alleger's two videos supposedly showing transshipment; (ii) the fact that

Finewood had Vietnamese tollers complete core platforms (in Vietnam); and (iii) the fact

that Finewood sourced veneer from China.  TRLED Det. at 5-6, 7.  TRLED appears to

believe that Finewood's sourcing of two-ply from China is the same as sourcing finished

hardwood plywood from China and reselling it to the United States.  *Id*. at 7.  TRLED also

insinuated that Plaintiffs, as well as other targeted U.S. importers, failed to exercise due

diligence in its business relations with Finewood, despite their multiple on-site visits to

confirm Finewood could fulfill their orders.

34.   On February 18, 2022, Finewood, FEA, and Liberty timely instituted an action at the CIT

pursuant to 28 U.S.C. § 1581(c) contesting Commerce's scope ruling. *See Vietnam*

*Finewood Company Limited, et al. v. United States*, Court No. 22-00049 ("*Finewood III*"),

ECF Doc. Nos. 1 & 8. FEA and Liberty therefore requested that CBP stay further

proceedings in EAPA Inv. 7252 during the pendency of the related litigation in *Finewood*

*III*.  Despite the ongoing litigation concerning the issue of scope central to the EAPA 7252

investigation that is at the heart of this case, CBP denied the parties' request for a stay.  *See*

Email from Brian M. Hoxie, TRLED re: Request for Stay of Administrative Proceedings

(Feb. 25, 2022).

35.   On March 14, 2022, the thirtieth business day after TRLED's determination, Plaintiffs each

filed review request with CBP ORR, challenging all aspects of TRLED's factual

determination and procedural violations.  The Alleger did not respond to Plaintiffs' review

requests or participate in the ORR review in any respect.

36.   On June 6, 2022, ORR issued a public version of its final decision.  *See* ORR - H323923,

      Re: Enforce and Protect Act ("EAPA") Consolidated Case Number 7252; *Certain*

      *Hardwood Plywood Products From the People's Republic of China: Amended Final*

      *Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 Fed.

      Reg. 504 (Jan. 4, 2018); and *Certain Hardwood Plywood Products From the People's*

      *Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Jan. 4, 2018); 19 U.S.C.

      § 1517 (June 6, 2022) ("ORR Decision").

37.   ORR found that it had no statutory authority to review any procedural challenges raised by

      Plaintiffs.  *Id.* at 13-14.  Further, ORR rejected Plaintiffs' arguments related to Commerce's

      scope ruling and TRLED's interpretation of Commerce's scope ruling. *Id.* at 17-19.

38.   In its decision, ORR agreed with Plaintiffs that the Alleger-submitted two videos are

      inapposite and should be disregarded.  *Id.* at 19-20.

39.   ORR, however, appears to have not considered Plaintiffs' arguments related to Finewood's

      production capacity.  *Id.* at 20 (merely reciting TRLED's determination that it was not

      possible to accurately determine the production capacity of Finewood due to tolling).

40.   Nor did ORR properly construe and analyze Plaintiffs' argument that record evidence is

      sufficient to distinguish Finewood's finished plywood that was produced with Chinese-

      origin 2-ply from that which was produced without consumption of finished plywood based

      on record evidence.  *Id.* at 22-26.

41.    ORR also found that EAPA should be read as a strict liability statute and TRLED was not

      required to consider Plaintiffs' argument that they did not make a false statement or

      material omission when entering Finewood's plywood as Type 1 entries.  *Id.* at 26-27.

42. On July 6, 2022, OR&R issued a *Supplemental Determination* to address the review request filed by Interglobal Forest that had been caught in CBP's spam filter. The *Supplemental Determination* addressed InterGlobal's arguments specifically, but affirmed TRLED's *Evasion* Determination on the same grounds as for the other importers, finding that "the record on a whole does not support IGF, APPI, FEA, and LW's assertions that CBP should conclude that their entries were not subject to the AD/CVD Orders."

## **COUNT I**

43. The allegations of paragraphs 1 through 42 are restated and incorporated herein by reference.

44. CBP's decision to initiate the EAPA investigations under 19 U.S.C. § 1517(b)(1) and to impose interim measures under 19 U.S.C. § 1517(e) are preliminary agency determinations reviewable under 5 U.S.C. § 704.

45. CBP's August 15, 2018 initiation of EAPA investigations and November 13, 2018 imposition of EAPA interim measures are invalid and should be rescinded, because CBP's reasoning is entirely based on documents that were either found not to be probative (i.e., the videos) or were not properly placed on the administrative record. CBP's regulation, 19 C.F.R. § 165.15(e), states, "[i]f an investigation is initiated pursuant to subpart B of this part, then the information considered by CBP prior to initiation will be part of the administrative record pursuant to § 165.21." Therefore, the EAPA allegation filed by Plywood Source prior to August 15, 2018 became part of the administrative record on August 15, 2018, when CBP initiated the EAPA investigations. CBP, however, did not make available these pre-initiation public version documents to Plaintiffs until November

23, 2018, therefore depriving Plaintiffs' rights to file rebuttal factual information under 165.23(c)(2).

46.   Further, based on the Affidavit filed by CBP in *Finewood I* accompanying the public administrative record of EAPA Investigation 7252, several of Plywood Source's undated EAPA allegation supporting documents were filed after August 15, 2018.  *See Finewood I*, Declaration of Dean N. Glory, Index for 7252 – Public Version (Feb. 25, 2020), ECF No. 36 (listing numerous Factual Information submissions filed by Plywood Source between September 11, 2018 and November 1, 2018).  These filings constitute factual information voluntarily submitted to CBP to support the allegation of evasion under 19 C.F.R. § 165.23(b) within 200 calendar days after initiation, and the public version of such documents must be served via an email message or through other designated methods on parties to the investigation including Plaintiffs.  *See* 19 C.F.R. 165.23(c)(2).  Plywood Source failed to satisfy the service requirement.  CBP's acceptance of improperly filed new factual information deprived Plaintiffs their regulatory rights to file rebuttal information prior to the imposition of interim measures.

47.   CBP's violation of its own regulation is not harmless; instead, these errors significantly prejudiced Plaintiffs with respect to their management of their overall responses to the investigation.  A substantial amount of Plaintiff FEA's "covered merchandise" entries and indeed the majority of Plaintiff Liberty's "covered merchandise" entries were entered between August 15, 2018 and November 20, 2018.  CBP, in keeping the EAPA allegation and related documents secret until after it imposes interim measures, violates its own regulations regarding properly maintaining the administrative record and making decisions

15

based on submissions properly placed on the administrative record.  CBP's belated

disclosure of the pre-interim measure documents also runs contrary to the Congressional

intent of the EAPA statute, which is to *prevent* the evasion of AD and CVD Orders, not to

entrap U.S. importers and maximize the Government's revenue.

48.  This Court will review CBP's procedural violations of its own regulations.  *See* 19 U.S.C. §

1517(g)(2)(A) (stating that the Court should review whether CBP "fully complied with all

procedures" in making its determination).

49.  This Court will hold as unlawful any administrative decision that is arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law.  *See* 19 U.S.C. §

1517(g)(2)(B).

## COUNT II

50.  The allegations of paragraphs 1 through 49 are restated and incorporated herein by

reference.

51.  TRLED's imposition of interim measures against Plaintiffs under 19 U.S.C. § 1517(e) on

November 13, 2018 was unlawful.  Section 1517(e) directs CBP to impose interim

measures only if record evidence provides "reasonable suspicion" that an importer entered

covered merchandise into the United States through evasion.  19 U.S.C. § 1517(b)(1); *see

also*, 19 C.F.R. § 165.15(b)(2).

52.  The evidence and documents CBP considered in imposing interim measures, even if they

were properly placed on the record, which they were not, consists only of secret and

unreliable Finewood import data provided by an unknown source, video footages that are

of no probative value, and a site visit report of a site visit conducted in violation of Plaintiffs' and Finewood's due process right and right to effective legal counsel. The information relied upon by TRLED, in the circumstances, is not sufficient to render a reasonable suspicion that Plaintiffs FEA and Liberty evaded the Orders under 19 U.S.C. § 1517(e).

53. This Court will hold as unlawful any administrative decision that is arbitrary, capricious, or an abuse of discretion. *See* 19 U.S.C. § 1517(g)(2)(B). An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

54. An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors. *Arnold P'ship v. Dudas*, 362 F.3d 1338, 1340 (Fed. Cir. 2004).

## <u>COUNT III</u>

55. The allegations of paragraphs 1 through 54 are restated and incorporated herein by reference.

56. TRLED's final determination in EAPA 7252 and ORR's final administrative review decision are not based on substantial evidence and arbitrary and capricious.

57.   TRLED's and ORR's decisions are based on secret import data submitted by Plywood

Source which Plaintiffs have not been afforded the chance to confront and rebut, Plywood

Source' video footages, Commerce's scope ruling subject to litigation in *Finewood III*, and

record evidence submitted by Plaintiffs and Finewood that has been grossly misinterpreted

by TRLED and ORR.

58.   Further, by relying on secret information, documents, photographs, and videos as evidence,

such as pertaining to CBP's Attaché visit to Finewood, the essential contents of which were

not disclosed to Plaintiffs and Finewood, TRLED and ORR prevented or seriously impeded

Plaintiffs and Finewood from developing a record of substantial evidence on critical issues

for TRLED and ORR to consider in their determinations.  Further, TRLED's final

determination and ORR's decisions that (1) Finewood's production capacity is

unsubstantiated due to tolling of certain plywood core production, (2) Finewood's

production records did not distinguish plywood made with Chinese-origin 2-ply and

without, and (3) Plaintiffs' commercial documents did not reconcile with their import

documents such as Lacy Act declarations, are unsupported by substantial evidence and

contradicted by record evidence.   19 U.S.C. § 1517(c)(1)(A) & (f).  *See* 19 U.S.C. §

1517(g)(2)(B) (stating that the Court should review whether CBP's "determination,

finding, or conclusion is …. not in accordance with law.").

59.   TRLED and ORR have therefore not complied with the procedures required under 19

U.S.C. § 1517(c)(1)(A) & (f) which allow a determination of evasion only if supported by

substantial evidence.  *See* 19 U.S.C. § 1517(g)(2)(A) (stating that the Court should review

whether CBP "fully complied with all procedures" in making its determination).

Compliance with procedures implies and necessitates that such procedures be consistent with Due Process concerns and the obligations imposed on the agency under the APA. Further, TRLED's and ORR's determinations of evasion were not supported by record evidence and therefore did not comport with the substantial evidence standard of 19 U.S.C. § 1517(c)(1)(A) & (f).  *See* 19 U.S.C. § 1517(g)(2)(B) (stating that the Court should review whether CBP's "determination, finding, or conclusion is …. not in accordance with law.").

60.   In their determinations in EAPA 7252, TRLED and ORR did not apply the appropriate substantial evidence standard, which "requires more than mere assertion of 'evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (*quoting Universal Camera*, 340 U.S. at 487).  Substantial evidence may not be based on "isolated tidbits of data which suggest a result contrary to the clear weight of the evidence."  *USX Corp. v. United States*, 11 C.I.T. 82, 84 (1987).

## COUNT IV

61.   The allegations of paragraphs 1 through 60 are restated and incorporated herein by reference.

62.   TRLED's and ORR's determinations that Plaintiffs entered covered merchandise by means of "material and false" statements or "material" omissions was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law.  Record evidence demonstrates that Plaintiffs exercised due diligence in entering hardwood plywood produced and exported by Finewood, under a pervasive and plain reading of the Orders as

Type 1 entries.  TRLED and ORR failed to consider important aspects of the problem, both in terms of procedure and of the extensive record evidence submitted by Finewood and Plaintiffs.

## COUNT V

63.  The allegations of paragraphs 1 through 62 are restated and incorporated herein by reference.

64.  5 U.S.C. § 555 establishes the minimal procedural requirements for informal adjudication. *Advanced Sys. Tech., Inc. v. United States*, 69 Fed. Cl. 474, 484 (2006), *citing to Pension Benefit Guar. Corp. v. The LTV Corp., Inc.*, 496 U.S. 633, 655, 110 S. Ct. 2668, 110 L. Ed. 2d 579 (1990).

65.  CBP's initiation of EAPA 7252 and CBP Attaché's site visit to Finewood in October 2018, were unlawful because of CBP's failure to provide notice of its intended visit and initiation of the EAPA investigation, which denied Plaintiffs and Finewood a reasonable opportunity to arrange for legal representation and advisement by legal counsel and to defend against allegations of evasion with advice and representation by legal counsel as provided in 5 U.S.C. § 555(b), as well as with trained translators.

66.  Further, CBP's failure to provide Plaintiffs and Finewood with confidential versions of all record documents under an administrative protective order, CBP's failure to provide Plaintiffs and Finewood confidential versions of CBP's analysis of Plaintiffs and Finewood's *own* data without an administrative protection order, and CBP's failure to inform Plaintiffs and Finewood of perceived deficiencies or gaps in submitted data denied Plaintiffs and Finewood of a reasonable opportunity for effective legal representation and

advice in violation of 5 U.S.C. § 555(b).

## <u>COUNT VI</u>

67.     The allegations of paragraphs 1 through 66 are restated and incorporated herein by

reference.

68.     In conducting EAPA Investigation 7252, without an administrative protective order,

TRLED released the business confidential version of supplemental requests for information

that TRLED issued to Finewood and the business confidential version attachments to the

verification agenda issued to Finewood.  TRLED clearly understood the need for parties to

access their own business confidential information in brackets in TRLED's supplemental

requests for information or documents request for verification so that they would have the

ability to respond to TRLED's requests for information.

69.     However, TRLED arbitrarily withheld the business confidential version of its October 29,

2018 Attaché verification report and the July 24, 2019 verification report from Finewood,

even though the Attaché verification report consists solely of Finewood's own business

confidential information and the verification report has large sections that consist solely of

Finewood's own business confidential information.  The said portions of reports can be

released to Finewood without an administrative protective order.  TRLED's decision to

withhold the verification reports is arbitrary and capricious, an abuse of discretion, and

significantly impeded Plaintiffs' and Finewood's ability to file rebuttal factual information

pursuant to CBP's own regulation.  As discussed above, this is grounds for rescission or

vacatur of this investigation because the adverse inferences in the report could have been

rebutted if Finewood was aware of them and permitted the opportunity to rebut them from

the very outset of the proceeding, i.e., since the time of the allegation.  This same violation prejudiced Finewood's and the importers' ability to develop a full record in their defense.

70.    Further, TRLED's and ORR's failure to provide Plaintiffs and Finewood each a partially-redacted business confidential version final determination and final administrative review decision, consisting, at a minimum, of each's own business confidential information, is arbitrary and capricious and prevented Plaintiffs and Finewood from fully understanding the decisions against them, and to explain, clarify, or rebut any CBP-perceived discrepancies in their own records.

<u>**COUNT VII**</u>

71.    The allegations of paragraphs 1 through 70 are restated and incorporated herein by reference.

72.    TRLED's November 13, 2018 imposition of interim measures suspending liquidation of its entries, requiring cash deposits from Plaintiffs of 206% *ad valorem* on entries entered on or after August 5, 2017, threatening liquidated damages, and threatening liquidation of entries at high duty rates without consideration of the record evidence as a whole and without providing Plaintiffs the opportunity to be heard and defend against allegations of evasion and to prevent further injury to their property violated Plaintiffs' procedural due process rights under the Fifth Amendment of the U.S. Constitution under the *Mathews Test*. *Mathews v. Eldridge*, 424 U.S. 319, 332; 96 S. Ct. 893, 901 (1976).  It is well established that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S. Ct. 779, 58 L. Ed. 1363 (1914).

73. "It is impossible to comprehend how an importer's lack of a vested right to import merchandise in the future negates the obligation to provide the importer with notice prior to imposing an antidumping duty for the merchandise already imported. The Court shares Transcom's bewilderment." *Transcom, Inc. v. United States*, 24 Ct. Int'l Trade 1253, 1271, 121 F. Supp. 2d 690, 707 (2000).

74. "It is undisputed that the test for constitutional sufficiency of notice is whether '[the] notice [is] reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected.' *Transcom, Inc. v. United States*, 121 F. Supp. 2d 690, 708 (Ct. Int'l Trade 2000) *citing to Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314; 70 S. Ct. 652 (1950).

75. Such opportunity must occur "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333; 96 S. Ct. 893 (1976).  Plaintiffs were not apprized in a timely and meaningful matter of their rights from the outset, justifying vacatur of this investigation or other similar remedies, including reliquidation of the entries without regard to AD/CVD duties.  Plaintiffs do not think these defects are cured by reasonable remedies at this time.

## COUNT VIII

76. The allegations of paragraphs 1 through 75 are restated and incorporated herein by reference.

77.   TRLED and ORR violated Plaintiffs' due process rights under the Fifth Amendment of the
U.S. Constitution by not making available to Plaintiffs or their legal counsel the full,
unredacted report or transcript of CBP's agent's statements and exhibits and other
unredacted papers and documents filed in EAPA Inv. 7252 upon which TRLED and ORR
based their affirmative determinations.  *Mathews v. Eldridge*, 424 U.S. 319, 332; 96 S. Ct.
893, 901 (1976).  "An elementary and fundamental requirement of due process in any
proceeding which is to be accorded finality is notice reasonably calculated, under all the
circumstances, to apprise interested parties of the pendency of the action and afford them
an opportunity to present their objections. . . . The notice must be of such nature as
reasonably to convey the required information, . . . and it must afford a reasonable time for
those interested to make their appearance." *Mullane v. Cent. Hanover Bank & Tr. Co*., 339
U.S. 306, 314, 70 S. Ct. 652, 657 (1950).

## COUNT IX

78.   The allegations of paragraphs 1 through 77 are restated and incorporated herein by
reference.

79.   Insofar as CBP's EAPA regulations, 19 CFR §§ 165.1 through 165.47, cannot be properly
interpreted as requiring CBP to disclose confidential documents upon which CBP bases its
determinations to Plaintiffs' legal counsel under an administrative protective order or do
not allow the importer, foreign producer or exporter, and their legal counsel full
participation rights during the investigation, including directly after CBP receives an
allegation of evasion before initiating an investigation, and at any and all related site visits,
the EAPA regulations violate the Fifth Amendment of the U.S. Constitution and the APA.

"{D}ue process 'forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation,' *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 289 n.4, 95 S. Ct. 438, 42 L. Ed. 2d 447 (1974).

## COUNT X

80. The allegations of paragraphs 1 through 79 are restated and incorporated herein by reference.

81. TRLED failed to inform the Department of Commerce ("Commerce") of its January 28, 2022 Final Determination and failed to request specific assessment rates from Commerce in violation of 19 U.S.C. § 1517(d)(1)(C), which required that TRLED, after making an affirmative Final Determination under 19 U.S.C. § 1517(c), "shall – notify the administering authority of the determination and request that the administering authority – (i) identify the applicable antidumping or countervailing duty assessment rates" for such covered merchandise, or "(ii) if no such assessment rate is available at the time, identify the applicable cash deposit rate…with the . . . assessment rate to be provided as soon as that rate becomes available."  19 U.S.C. §§ 1517(d)(1)(C)(i) & (ii).

82. The public record contains no evidence that TRLED ever informed Commerce of its affirmative evasion determination and requested Commerce to determine the applicable assessment rate applicable to Plaintiffs' entries or shared such correspondence and guidance with interested parties.  Presumably, such an important communication should be subject to notice and comment thereafter.  TRLED's failure to comply with its statutory obligation is contrary to the law.  *See* 19 U.S.C. § 1517(g)(2)(B).

## <u>DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests judgment from the Court:

(1) Declaring TRLED's August 15, 2018 initiation of EAPA Inv. 7252 against Plaintiffs and TRLED's November 13, 2018 imposition of interim measures null and void; and

(2) Declaring TRLED's imposition of interim measures in EAPA Inv. 7252 invalid for lack of reasonable suspicion of evasion; and

(3) Declaring TRLED's and ORR's final determinations unsupported by substantial evidence; and

(4) Declaring TRLED's and ORR's determinations arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and

(5) Declaring TRLED's and ORR's failure to provide Plaintiffs the opportunity for effective legal representation and advice in violation of 5 U.S.C. § 555(b); and

(6) Declaring TRLED's and ORR's failure to provide unredacted documents or partial unredacted documents consists of solely Plaintiffs' and Finewood' own business confidential information – notwithstanding the existence of an administrative protective order – arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and

(7) Declaring TRLED's and ORR's determinations in violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution; and

(8) Insofar as CBP's EAPA regulations, 19 CFR §§ 165.1 through 165.47, cannot be properly interpreted as requiring CBP to disclose confidential documents upon which CBP bases

its determinations to Plaintiff or Plaintiff's legal counsel under an administrative protective order and allowing the importer, foreign exporter or producer, and their legal counsel full participation rights, declaring CBP's EAPA regulations, 19 CFR §§ 165.1 through 165.47 unconstitutional; and

(9) Ordering CBP to grant Plaintiffs' protest and liquidate all of Plaintiffs' entries of hardwood plywood that were produced and exported by Finewood without regard to AD/CVD duties; and

(10)  Granting Plaintiff such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Alexandra H. Salzman
Vivien J. Wang
**DEKIEFFER & HORGAN, PLLC**
Suite 410
1090 Vermont Ave., N.W.  20005
Tel: (202) 783-6900
Fax: (202) 783-6909
email:  gmenegaz@dhlaw.com
*Counsel to Far East American Inc. and Liberty
Woods International, Inc.*

Dated:  July 20, 2022