## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| and | )<br>) |
| AMERICAN PACIFIC PLYWOOD, INC., AND INTERGLOBAL FOREST, LLC, | )<br>)   Consol. Ct No. 22-00213<br>) |
| Consolidated Plaintiffs | )<br>) |
| v. | )<br>) |
| UNITED STATES, | )<br>) |
| Defendant | )<br>) |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs Far East American, Inc. ("FEA") and Liberty Woods International, Inc. ("Liberty"), Consolidated Plaintiff American Pacific Plywood, Inc. ("APPI"), Consolidated Plaintiff Interglobal Forest, LLC ("IGF"), and Defendant the United States, by and through their undersigned counsel and pursuant to Rule 7(b) of the Rules of this Court, jointly move to stay proceedings pending issuance of a final court appeal arising from the U.S. Department of Commerce's ("Commerce") scope determination on Finewood's two-ply, in *Finewood et al. v. United States*, Consol. Ct. No. 22-00049 ("*Finewood III*"). For the reasons below, a stay of this action "will promote judicial economy and preserve the resources of the parties and the court." *RHI Refractories Liaoning Co. v. United States*, 35 C.I.T. 407, 411 (2011).

On August 31, 2022, ECF No. 26, this Court entered an order requesting that the parties

file a joint status report and an agreed upon proposed briefing schedule. The parties file this motion to stay in lieu of the requested joint status report and proposed briefing schedule. The parties understand that by filing a motion requesting a stay of further proceedings in this case that the parties will still be responsible for filing the supplemental briefing requested by the Court in its order dated September 14, 2022, ECF No. 27.

## I.     Background

This case concerns the affirmative final determination in an evasion investigation pursuant to 19 U.S.C. § 1517(c), the Enforce and Protect Act ("EAPA"), Consolidated Investigation No. 7252 (hereinafter, "EAPA 7252") by U.S. Customs and Border Protection ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED") on January 28, 2022, and the administrative review decisions by CBP Office of Trade, Regulations & Rulings ("ORR") dated June 6, 2022 and July 7, 2022 affirming TRLED's determination. Pls' Compl. ¶ 1, ECF No. 6.

EAPA 7252 was initiated on August 15, 2018. *Id.* at ¶ 10. The Vietnamese producer and exporter of the alleged covered merchandise, Vietnam Finewood Company Limited ("Finewood") informed CBP in the first instance that in addition to producing plywood from single sheets of veneers, it imported two-ply from China, which Plaintiffs contend is not finished plywood but raw materials to the core platform before face and back veneers to make the product into finished hardwood plywood. CBP conducted an on-site verification of Finewood's response and documents in May 2019. *Id.* at ¶ 20.

On September 25, 2019, CBP informed Plaintiffs and Consolidated Plaintiffs that it was unable to determine whether certain merchandise shipped from Finewood in Vietnam to the importers is within the scope of the *Hardwood Plywood from China* AD and CVD Orders and therefore was making a scope referral to Commerce. *Id.* at ¶ 22.

On November 1, 2019, Plaintiffs and Consolidated Plaintiffs gained access to the scope referral in which CBP requested Commerce to determine whether Finewood's finished plywood incorporating two-ply are within the scope of the *Orders*. *Id.* at ¶ 23. On January 27, 2022, Commerce transmitted its final scope determination that plywood manufactured by Finewood in Vietnam and incorporating two-ply from China are subject to the *Orders* to CBP. *See* Commerce - Transmittal Letter and Final Scope Ruling Antidumping Duty and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China – (CONS 7252) (Jan. 27, 2022), **CR 79, PR 133**. Commerce's final determination has been timely appealed and is currently in briefing before the Court. *See Finewood et al. v. United States*, Consol. Ct. No. 22-00049 ("*Finewood III*").

On January 28, 2022, CBP TRLED determined that named importers in EAPA 7252, including Plaintiffs and Consolidated Plaintiffs, entered hardwood plywood subject to the *Hardwood Plywood from China* Orders by means of evasion. *See* TRLED – Notice of Determination as to Evasion – (CONS 7252) (Jan. 28. 2022), **CR 81, PR 135**. Commerce's Scope Ruling is an essential element in TRLED's finding that Finewood sourced "plywood" from China. *Id.* at 8 (discussing the substantial role that "two-ply" played in this investigation). On February 25, 2022, a week after filing the Complaint in *Finewood III*, Plaintiffs FEA and Liberty requested, and were denied, a stay of the ORR administrative review proceeding. *See* ORR – H323924 Final Administrative Determination – (CONS 7252) (June 6, 2022) at 10 & 19, **CR 94, PR 148**. In its final decision, ORR also relied heavily on Commerce's two-ply scope determination. *Id.* at 15-19 (finding that Commerce's scope determination is dispositive in determining whether the imports are "covered merchandise", and it is not within CBP's authority to disregard Commerce's scope ruling).

On July 20, 2022 and August 17, 2022, Plaintiffs and Consolidated Plaintiffs timely commenced the instant suit against CBP, challenging, *inter alia*, TRLED's final determination and ORR's decision as unsupported by substantial evidence and arbitrary and capricious. As the contested CBP decisions largely rely on Commerce's determination that plywood incorporating two-ply is subject to the AD CVD Orders, a stay in the instant case pending the court decision in *Finewood III* would maintain the *status quo*, cause no harm to the parties, promote judicial economy and preserve the resources of the Court and the parties by delaying potentially unnecessary litigation.

### II.  Argument

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A court may properly determine that it is efficient for its own docket and the fairest course for the parties to enter stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Diamond Sawblades Manufacturers' Coalition v. United States*, 34 C.I.T. 404, 406 (2010) (citing *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863-64 (9th Cir. 1979). Further, "a court must weigh the competing interests and maintain an even balance, giving due consideration to the interests of the litigants, the court, and the public." *Id.* (citing *Tak Fat Trading Co. v. United States*, 24 CIT 1376, 1377 (CIT 2000)) {internal quotation omitted}.

Here, the parties seek to hold the instant lawsuit in abeyance pending the court's final disposition of Commerce's scope determination. Commerce's scope determination is "potentially dispositive" of the instant case. A substantial amount of the entries in dispute of the instant case are hardwood plywood incorporating two-ply from China. For such entries, the key factual issue,

4

i.e., whether it is subject to the *Orders*, is directly implicated by the outcome in *Finewood III*. Accordingly, the parties ask this Court to exercise its sound discretion by granting this joint motion to stay further proceedings.

Additionally, in determining whether to grant a motion for a stay, "{a}bsent a showing that there is at least 'a fair possibility that the stay…will work damage to someone else,' there is no requirement that …{the moving party} 'make a strong showing of necessity' or establish a 'clear case of hardship or inequity' to warrant the granting of the requested stay." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 28 C.I.T. 1671, 1677 (2004) {internal citation omitted}. A stay in this case will not work damage to any parties. The entries at issue are all liquidated at the 200% AD CVD rate; parties have challenged the liquidation of entries in action under 28 U.S.C. 1581(i) to preserve jurisdiction under 28 U.S.C. 1581(c) should CBP deny the protest of liquidation and/or the Court determines that such matter is not protestable. *See Liberty Woods International, Inc. v. United States*, Court No. 20-00143; *Vietnam Finewood Company Limited, et al. v. United States*, Court No. 20-00155 ("*Finewood II*"). No parties will suffer harm in the instant case from maintaining the *status quo*. A stay in this case also minimizes the burden on the parties and the Court and promotes judicial economy and the preservation of resources instead of encouraging unnecessary and protracted litigation. For instance, if the Court determines in *Finewood III* that Commerce's scope determination was unlawful, Plaintiffs and Consolidated Plaintiffs may very well forego the issue whether record evidence sufficiently distinguishes plywood incorporating two-ply and plywood incorporating only single sheets of veneers, or Defendant may seek a voluntary remand of CBP's EAPA 7252 decision. Resolving Commerce's scope determination will streamline the litigation, facilitate judicial economy, and prevent unnecessary, duplicate briefing. Therefore, the parties' and the Court's interests all

militate in favor of granting a stay.

Pursuant to Rule 7(b) of the Rules of this Court, the parties have consulted on this motion to stay and are submitting this as a joint motion.

Accordingly, the parties respectfully request that the Court stay this proceeding pending the final and conclusive court decision, including the expiry of any appeal deadline, in *Finewood et al. v. United States*, Consol. Ct. No. 22-00049.

The parties further request that the Court toll all deadlines for all parties, including the deadline to submit a Joint Status Report, until the Court decides this joint motion to stay.

Dated: September 26, 2022

                 Respectfully submitted,

            By: /s/ Gregory S. Menegaz
               DEKEIFFER & HORGAN, PLLC
               Suite 410
               1090 Vermont Avenue, N.W.
               Washington, D.C. 20005
               Tel: (202) 783-6900
               Fax: (202) 783-6909

               *Attorneys for Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.*

            By: /s/ Frederic D. Van Arnam, Jr.
               BARNES, RICHARDSON & COLBURN, LLP
               100 William Street, Suite 305
               New York, NY 10038
               Tel.: (212) 725-0200, ext. 126
               Fax: (212) 889-4135

               *Counsel for American Pacific Plywood, Inc.*

By: /s/ Ignacio J. Lazo
CADDEN & FULLER LLP
2050 Main Street, Suite 260
Irvine, CA 92614
Telephone: (949) 788-0827., Ext. 708
Facsimile: (949) 450-0650

*Attorneys for InterGlobal Forest, LLC*


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Elizabeth A. Speck

OF COUNSEL:  ELIZABETH A. SPECK
CHRISTOPHER BERRIDGE  Senior Trial Counsel
Attorney  U.S. Dept. of Justice
Office of the Chief Counsel  Civil Division
Enforcement and Operations  Commercial Litigation Branch
U.S. Customs and Border Protection  P.O. Box 480
Washington, D.C.  Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0369
E-mail: elizabeth.speck@usdoj.gov