UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., <br><br>  Plaintiffs, <br><br> and <br><br> AMERICAN PACIFIC PLYWOOD, INC. AND INTERGLOBAL FOREST LLC, <br><br>  Consolidated-Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant. | Before: Mark A. Barnett, Chief Judge <br> Consol. Court No. 22-00213 |

## ORDER

Barnett, Chief Judge:  Before the court is a joint motion to stay this case pending a final and conclusive court decision (including appeals) regarding the U.S. Department of Commerce's ("Commerce") scope determination in *Vietnam Finewood Company Ltd., et al. v. United States, et al.*, Court No. 22-cv-00049 (Ct. Int'l Trade).  Jt. Mot. to Stay Proceedings ("Mot."), ECF No. 29.  This consolidated case concerns U.S. Customs and Border Protection's ("CBP") final affirmative determination of evasion pursuant to the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517.  *See, e.g.*, Compl. ¶ 1, ECF No. 6. CBP issued its determination following Commerce's scope determination that merchandise exported by Vietnam Finewood Company Ltd. is subject to Commerce's antidumping and countervailing duty orders on certain hardwood plywood from the

People's Republic of China.  *Id.* ¶¶ 7, 31, 33.  The Parties' stay request is premised on the benefits that could obtain if Commerce's scope decision is held unlawful.  Mot. at 5.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Whether to grant or deny a stay rests "within the sound discretion of the trial court."  *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  "[A] stay of indefinite duration," such as the one requested here, requires the movants to demonstrate a "pressing need for the stay," which must be balanced against "the court's paramount obligation to exercise jurisdiction timely in cases properly before it."  *Cherokee Nation*, 124 F.3d at 1416; *cf.* USCIT Rule 1 (stating that the court's rules aim "to secure the just, speedy, and inexpensive determination of every action and proceeding").

Plaintiffs' and Consolidated Plaintiffs' claims in the underlying EAPA case are largely independent of Commerce's scope ruling.  *See, e.g.*, Compl. ¶¶ 43–82 (alleging various procedural and substantive violations of the EAPA statute and procedural due process claims).  Thus, entering the stay would delay resolution of Plaintiffs' and Consolidated Plaintiffs' EAPA claims for years if Commerce's scope determination is upheld.  The Parties further indicate that certain claims might survive a reversal of Commerce's scope ruling.  *See* Mot. at 5.  The Parties have not identified any "pressing need" for a stay that counterbalances this potential for unnecessary delay.

Consol. Court No. 22-00213 Page 3

      Accordingly, it is hereby **ORDERED** that the Parties' joint motion to stay (ECF No. 29) is **DENIED**; and it is further **ORDERED** that the Parties' joint status report and agreed-upon proposed briefing schedule is due on or before October 4, 2022.

      /s/    Mark A. Barnett
      Mark A. Barnett, Chief Judge

Dated: <u>September 27, 2022</u>
      New York, New York