UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. and LIBERTY WOODS INTERNATIONAL, INC., <br><br>Plaintiffs, <br><br>and <br><br>AMERICAN PACIFIC PLYWOOD, INC., and INTERGLOBAL FOREST, LLC, <br><br>Consolidated Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>Defendant. | Consol. Court No. 22-00213 |

## ORDER

Upon consideration of defendant's motion for a stay, and all other pertinent papers, it is hereby

ORDERED that all further proceedings in this matter are STAYED pending a final decision in *Vietnam Finewood Company Limited, et al. v. United States*, Consol. Ct. No. 22-00049 (Ct. Int'l Trade) (*Finewood III*), and it is further

ORDERED that the parties shall submit a status report regarding further proceedings in this case within 14 days of any final disposition in *Finewood III*.

_____
CHIEF JUDGE

Dated: _____, 2023
    New York, NY

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| FAR EAST AMERICAN, INC. and  LIBERTY WOODS INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) |
| and | ) |
| AMERICAN PACIFIC PLYWOOD, INC., and  INTERGLOBAL FOREST, LLC, | ) ) ) Consol. Court No. 22-00213 |
| Consolidated Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S RENEWED MOTION TO STAY PROCEEDINGS**
**AND, IN THE ALTERNATIVE, MOTION FOR AN EXTENSION OF TIME**

Pursuant to Rule 7(b) of the Rules of this Court, defendant, the United States, respectfully files this renewed motion to stay proceedings in this matter pending issuance of a final court decision regarding the United States Department of Commerce's (Commerce) scope determination on Finewood's two-ply hardwood products, in *Vietnam Finewood Company Limited, et al. v. United States*, Consol. Ct. No. 22-00049 (*Finewood III*).  Although the Court, in an order (ECF No. 30, "Stay Order") issued on September 27, 2022, denied the parties' Joint Motion to Stay Proceedings, we respectfully renew the request for a stay of proceedings in light of the Court's decision on April 20, 2023, in *Finewood III*, in which this Court remanded the matter and instructed Commerce "to issue a scope ruling that is consistent with the unambiguous meaning of the *Plywood Orders*." *Finewood III*, Slip Op. 23-58 at 38 (Ct. Int'l Trade April 20,

2023); *see also* Joint Motion to Stay Proceedings, Sept. 26, 2022, ECF No. 29.[1]  We submit that the Court's decision in *Finewood III* creates a "pressing need" for a stay that counterbalances the Court's concerns regarding a further delay.  Stay Order, ECF No. 30 at 2 (quoting *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

On May 1, 2023, Elizabeth Speck, undersigned counsel for the Government contacted counsel Greg Menegaz, counsel for plaintiffs Far East American, Inc. and Liberty Woods, International, Inc., (collectively FEA), Frederic Van Arnam, Jr., counsel for American Pacific Plywood, Inc., (APPI), and Ignacio Lazo, counsel for plaintiff Interglobal Forest LLC (Interglobal) via email to obtain their positions on this motion and Mr. Menegaz and Mr. Van Arnam, Jr. stated that their clients oppose this motion.  Mr. Lazo did not respond to undersigned counsel's email.  Currently, the Government's response to the plaintiffs' motions for judgment on the agency record is due on June 15, 2023, and the Court's decision on this motion will impact whether the Government is required to file a brief on some or all of the issues raised by the plaintiffs.  Accordingly, if the Court denies this motion or accepts the alternative proposal outlined below, we respectfully request that the Court extend the Government's deadline to file its response brief by 45 days from the date of entry of any order regarding this motion and similarly extend the remaining deadlines set forth in the Court's Order dated October 7, 2022 (ECF No. 34).

---

[1] The "Plywood Orders" referenced in the decision at *Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) (am. final determination of sales at less than fair value, and antidumping duty order) and *Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 513 (Dep't of Commerce Jan. 4, 2018) (CVD order).

**BACKGROUND**

This consolidated case concerns U.S. Customs and Border Protection's (CBP) final affirmative determination of evasion pursuant to the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517(c).  *See* Trade Remedy Law Enforcement Directorate (TRLED) Notice of Determination as to Evasion, P.R. 136, C.R. 81 (Jan. 28, 2022) (TRLED Evasion Determination); Final Administrative Determination, P.R. 148, C.R. 84 (June 6, 2022) (Office of Regulations and Rulings (ORR) Determination); Final Administrative Supplemental Determination, P.R. 151, C.R. 95 (July 6, 2022) (ORR Supp.).

CBP initiated EAPA 7252 on August 15, 2018, based upon allegations that various importers entered Chinese-origin hardwood plywood, manufactured by Finewood Company Limited (Finewood), that had been transshipped through Vietnam and falsely declared of Vietnamese origin "to evade the payment of antidumping and countervailing duties."  TRLED Evasion Determination at 2.  After learning that Finewood was importing into Vietnam, Chinese-origin two-ply panels, which are also referred to as "cores," for use in its merchandise, TRLED subsequently referred the matter to Commerce for a scope determination, pursuant to 19 U.S.C. §1517(b)(4) and 19 C.F.R. § 165.16.  TRLED Evasion Determination at 4.  In its scope determination, Commerce found that two-ply panels are "certain veneered panels" that are within the scope of the Plywood Orders.  TRLED Evasion Determination at 4; Commerce Final Scope Ruling Antidumping Duty and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China, P.R. 133, C.R. 79 (Jan. 27, 2022) (Scope Determination).

In its evasion determination, TRLED relied heavily on Commerce's Scope Determination, and Commerce's Scope Determination is an essential element in TRLED's finding that Finewood

sourced "plywood" from China. TRLED Evasion Determination at 8 (discussing the substantial role that "two-ply" played in this investigation). Similarly, in its *de novo* review of TRLED's determination, CBP's Office of Regulations and Rulings (ORR) also relied heavily on Commerce's Scope Determination. ORR Determination at 15-19 (finding that Commerce's Scope Determination is dispositive in determining whether the imports are "covered merchandise," and explaining that it is not within CBP's authority to disregard Commerce's Scope Determination).

In February 2022, the plaintiffs filed *Finewood III* to challenge Commerce's Scope Determination, and, several months later, filed this action to challenge CBP's determination of evasion. On September 26, 2022, the parties jointly moved to stay the proceedings in this matter pending the resolution of *Finewood III*. Joint Motion to Stay Proceedings, ECF No. 29. In that motion, the parties explained that the Court's ruling in *Finewood III* would be "potentially dispositive" of the "key factual issue" in this case and that, because a Court ruling that Commerce's Scope Determination was unlawful would likely result in the Government requesting a voluntary remand in this case, staying the EAPA litigation would "streamline the litigation, facilitate judicial economy, and prevent unnecessary duplicate briefing." Joint Motion to Stay Proceedings, at 5. On September 27, 2022, the Court denied the parties' joint motion on the grounds that the parties had not identified a "pressing need" for a stay as some claims might survive a scope ruling and many of plaintiffs' claims involved "procedural and substantive violations of the EAPA statute and procedural due process claims." Stay Order, at 2.

On April 20, 2023, this Court entered an opinion and order in *Finewood III* that remanded Commerce's Scope Determination and ordered Commerce to file a remand redetermination before June 20, 2023. Finewood III, Slip Op. at 38. The Court concluded that Commerce's

Scope Determination was inconsistent with the "clear" and "unambiguous meaning" of the Plywood Orders.  *Id*. at 31.

# ARGUMENT

I.  <u>The Court Should Stay Proceedings Pending The Final Resolution Of *Finewood III*</u>

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

As the parties explained in the Joint Motion:

> A substantial amount of the entries in dispute of the instant case are hardwood plywood incorporating two-ply from China.  For such entries, the key factual issue, i.e., whether it is subject to the *Orders*, is directly implicated by the outcome in *Finewood III*.

Joint Motion, ECF No. 29 at 4-5.

As set forth in the prior Joint Motion, and as the administrative record demonstrates, Commerce's Scope Determination was central to CBP's evasion determination.  Specifically, Commerce's Scope Determination accounts for CBP's finding with respect to one of the key elements of evasion – whether plaintiffs imported "covered merchandise."  *See* 19 U.S.C. § 1517(a)(5).  Consequently, in light of the recent decision in *Finewood III* in which the Court found the relevant scope language in the *Plywood Orders* to be "unambiguous" and its remand to Commerce to issue a ruling consistent with the "clear" and "unambiguous{}" language of the *Plywood Orders*, we respectfully request that the Court consider the change in circumstances in deciding this renewed motion to stay proceedings.

Commerce's Scope Ruling severely impacts CBP's EAPA determination.  Whether the merchandise at issue is covered by the scope of the *Plywood Orders* is an essential element to determining evasion.  The Government recognizes that if the Court's decision in *Finewood III*

5

becomes final, a substantial amount of the merchandise at issue in this case cannot be legally construed as "covered merchandise" within the meaning of 19 U.S.C. § 1517(a)(5). In that case, CBP will need to evaluate whether the entries at issue in the EAPA investigation in fact contain covered merchandise, i.e., merchandise within the scope of *Plywood Orders,* as determined by *Finewood III* and may need to reassess its final determination of evasion. While the substance of Commerce's remand redetermination and any resulting process from that redetermination remains unknown, CBP is unable to ascertain to what extent plaintiffs engaged in evasion for purposes of 19 U.S.C. § 1517 because an essential element permitting CBP to establish such conduct remains undecided. If any final outcome of Commerce's redetermination ultimately results in CBP finding that the entries at issue do not contain covered merchandise, it will be unnecessary for the Court to decide any of the other arguments that plaintiffs raised.

Further, although the Court expressed concerns about staying this matter because many of the issues that plaintiffs have raised are "largely independent of Commerce's scope ruling," Stay Order at 2, we respectfully submit that addressing those issues while the scope issue is outstanding is procedurally problematic.[2] At this point, given the lack of finality as to Commerce's redetermination with respect to scope, it is premature for CBP to reconsider its findings of evasion in light of uncertainty as to an essential element, that is, whether any of the merchandise on the entries at issue is covered by the *Plywood Orders*. If *Finewood III* becomes

---

[2] Further, we note that on May 3, 2023, the United States Court of Appeals for the Federal Circuit heard oral argument in *Royal Brush Mfg. v. United States*, No. 22-1226, which is an appeal of this Court's decisions in *Royal Brush Mfg. v. United States*, 545 F. Supp. 3d 1357 (Ct. Int'l Trade 2021). That appeal concerns one of the due process issues that was raised by all three plaintiffs in this consolidated action, specifically whether CBP violated the plaintiff's right to due process when it withheld non-public evidence on which it relied in making its evasion determination. This issue was raised in APPI's brief, ECF No. 42 at pages 46-47, FEA's brief, ECF No. 44 at pages 17-29, and Interglobal's brief, ECF No. 44, at pages 33-34.

final and CBP reconsiders its decision of evasion, the Court will no longer need to opine on remaining procedural and legal issues.

No party will be harmed by granting this motion for a stay. Joint Motion to Stay at 5-6. Indeed, a stay will permit the Government and the plaintiffs to preserve resources. Specifically, if *Finewood III* becomes final, CBP will need to reconsider its determination of evasion, and the nature of the issues to be briefed will at least change or at most, the briefing will become unnecessary. Staying this matter will streamline not only the litigation and facilitate judicial economy, but will also conserve all parties' resources.

II.     Alternatively, The Court Should, While *Finwood III* Is Pending, Limit The Briefing To Non-Scope Issues

If the Court is not inclined to stay this matter, the Government requests in the alternative that the Court stay further briefing on issues concerning the number of plies that constitute covered merchandise until all remands and appeals for *Finewood III* are exhausted, and instead proceed with briefing on the legal issue of whether EAPA requires CBP to make a finding of culpability and the remaining procedural/due process issues raised by the plaintiffs. Specifically, under this alternative approach, the Court would stay briefing on the following: (1) for the brief filed by APPI, ECF No 42, the issues raised in Section A of its brief, on pages 20-38; (2) for the brief filed by Interglobal, ECF No. 44, the arguments raised in Sections B-I of its brief on pages 17-31;[3] and (3) for FEA, ECF No. 46-1, the arguments raised in Section C.2-C.3, pages 46-54 and Section D of their brief on pages 55-62.

---

[3] Sections B-F of Interglobal's brief, ECF No. 44, appear to make factual arguments contending that Interglobal was not culpable and that CBP legally erred because it did not make a finding that Interglobal "intentionally or negligently made any material or false statement or act of material omission in importing hardwood plywood from Vietnam." *See* Interglobal Br., ECF No. 44 at 27; *id.* 17-27. Under our alternative approach, we propose proceeding with the legal issue of whether EAPA requires CBP to make a culpability finding.

III.     Alternatively, The Court Should Grant A 45-Day Extension Of Time

Finally, to the extent that the Court directs that briefing proceed (with or without the adjustments proposed above), we respectfully request that the Court extend the Government's deadline to file its response brief by 45 days from the date of entry of any order regarding this motion and similarly extend the remaining deadlines set forth in the Court's Order dated October 7, 2022, ECF No. 34.

This request for additional time is supported by good cause and is made in part out of the uncertainty that has arisen as to the status of this case as a result of the *Finewood III* decision as well as the press of business in other matters that have prevented or will prevent undersigned Government counsel of record from completing the Government's opening brief by the current June 15, 2023 due date. On March 14, 2023, undersigned counsel filed a response brief in *Ruth Etzel v. United States*, No. 22-2050, a matter pending in the United States Court of Appeals for the Federal Circuit. Undersigned counsel was away from the office between March 16, 2023 and March 30, 2023, and on April 14, 2023, undersigned counsel filed a response brief in *Siemens Government Technologies, Inc. v. United States*, No. 22-2240, a matter pending before the Federal Circuit. On April 24, 2023, undersigned counsel filed a response to comments on the remand redetermination in *Nucor v. United States*, No. 21-182, a matter pending before this Court, and on April 28, 2023, undersigned counsel filed comments on the remand redetermination in *DB Services of America, Inc. DBA Primo Water North America, Inc.*, No. 22-157, another matter pending before this Court.

Also, on May 2, 2023, undersigned counsel filed a motion to supplement and motion for judgment on the administrative record in *Cunningham v. United States*, No. 22-1826, a matter pending before the United States Court of Federal Claims. In addition on May 9, 2023,

8

undersigned counsel for the government presented oral argument in *Hyundai Steel Co. v. United States*, No. 22-0029, a consolidated matter pending before this Court, on June 1, 2023, undersigned counsel will participate in oral argument in *Dongbu v. United States*, No. 22-0047, a consolidated matter pending before this Court, and on July 12, 2023 undersigned counsel will present oral argument in *Saha Thai Steel Pipe Public Company v. United States*, No. 21-627, a matter pending before this Court.  Also on May 24, 2023, undersigned counsel has a response brief due in *Eric Katz v. United States*, No. 22-1473, a matter pending before the Federal Circuit.  In addition, during the past month undersigned counsel has unexpectedly had to take leave to deal with a family health matter.  Finally, undersigned counsel will be out of the office between June 19, 2022 and June 23, 2022.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant this motion and (1) stay this proceeding pending the final decision, including the expiry of any appeal deadline, in *Finewood III*, or (2) alternatively, stay further briefing on issues concerning the number of plies that constitute covered merchandise until all remands and appeals for *Finewood III* are exhausted, and/or (3) alternatively, if the Court concludes that stay is inappropriate and briefing is required in this case (with or without the adjustments we proposed to the issues to be briefed), we respectfully request that the Court extend the Government's deadline to file its response brief by 45 days from the date of entry of any order regarding this motion and similarly extend the remaining deadlines set forth in the Court's Order dated October 7, 2022, ECF No. 34.

                                                  Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

|  |  |
|---|---|
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>CHRISTOPHER BERRIDGE<br>Attorney<br>Office of the Chief Counsel<br>Enforcement and Operations<br>U.S. Customs and Border Protection<br>Washington, D.C. | /s/ Elizabeth A. Speck<br>ELIZABETH A. SPECK<br>Senior Trial Counsel<br>U.S. Dept. of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 307-0369<br>E-mail: elizabeth.speck@usdoj.gov |

May 12, 2023