UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>           Plaintiffs,<br><br>    and<br><br>AMERICAN PACIFIC PLYWOOD, INC., AND<br>INTERGLOBAL FOREST, LLC,<br><br>           Consolidated Plaintiffs<br><br>    v.<br><br>UNITED STATES,<br><br>           Defendant | Consol. Ct No. 22-00213 |

**OPPOSITION TO DEFENDANT'S**
**RENEWED MOTION TO STAY PROCEEDINGS**

      Plaintiffs Far East American, Inc. ("FEA") and Liberty Woods International, Inc. ("Liberty"), Consolidated Plaintiff American Pacific Plywood, Inc. ("APPI"), and Consolidated Plaintiff Interglobal Forest, LLC ("IGF") (together: "Plaintiffs"), by and through their undersigned counsels, hereby oppose Defendant's Renewed Motion to Stay Proceedings (May 12, 2023), ECF Doc. No. 48 ("Mot.").

      Plaintiffs oppose Defendant's Motion to Stay for the reasons given in the Court's Order denying the Parties' previous Joint Motion to Stay. Jt. Mot. To Stay Proceedings (Sept. 26, 2022), ECF No. 29 and Court Order denying motion (Sept. 27, 2022), ECF Doc. No. 30 ("Ct. Order"). Moreover, although Plaintiffs do not object to Defendant's request for a 45-day

1

extension of time to file its response brief,[1] Plaintiffs strongly object to Defendant's suggested limit to its briefing of procedural issues raised in their moving briefs (Mot. At 8).

1. **No Further Delay in Resolving Plaintiffs' Claims Regarding CBP's Conduct of EAPA 7252 Is Warranted.**

In its prior Order denying the Parties' motion to stay, the Court reasoned that Plaintiffs' claims of substantive violations of the EAPA statute and procedural claims in the underlying EAPA case are largely independent of Commerce's scope ruling. Ct. Order at 2. Accordingly, a stay would delay resolution of Plaintiffs' claims specific to U.S. Customs and Border Protection's ("CBP") EAPA decision for years in the *normal* course of affairs for resolution before the CIT and the appellate court. As Defendant points out, CBP initiated EAPA nearly five years ago, on August 15, 2018. Mot. At 3. Since that time, Plaintiffs' available financial resources have been severely impacted due to cash deposits of estimated antidumping and countervailing duties and restrictions on their import security bonds that cannot be returned because the entries' status remains unresolved. Plaintiffs need an expeditious resolution of all their claims with respect to CBP's decision in EAPA Inv. 7252 in order to clear these longstanding contingent liabilities and related security from their books.

Further, the timing and ultimate outcome of this Court's decision on Commerce's scope issue in *Vietnam Finewood Company Limited, et al. v. United States*, Consol. Ct. No. No. 22-

---

[1] Rule 7(f) of the U.S. Court of International Trade Rules requires that a moving party seek the consent of the other party(ies) prior to moving for an extension of time pursuant to Rule 6. Defendant circulated to the plaintiffs a draft motion for a stay of proceeding or partial stay and sought consent to that motion. That draft motion, however, did not raise a 45-day extension of time as an alternative relief to the full or partial stay relief being requested; as such, plaintiffs were never consulted as to this option of relief as required by Rule 7(f) prior to defendant bringing this motion. Had FEA, Liberty and APPI been informed, they would have stated consent for a 45-day extension.

00049 ("*Finewood III*"), including remands and possible appeal to the U.S. Court of Appeals for the Federal Circuit, remains uncertain. In addition, Defendant represents a separate agency, CBP, in this instant case, and Commerce cannot consider any of the issues specific to Plaintiffs' claims against CBP's conduct of EAPA Inv. 7252 other than the two-ply scope issue. Thus, even with a reversal of Commerce's scope decision on two-ply panels, a remand to CBP in this case for CBP to reconsider its decision on evasion could result in CBP affirming is decision based on reasoning that perpetuates CBP's errors in interpreting record documents, procedural and substantive violations of the EAPA statute, and violations of Plaintiffs' due process rights. Plaintiffs should not have to bear back-to-back litigations that could cumulatively take twice the amount of time for the Court to resolve all issues compared to the Court's consideration of both actions concurrently. Plaintiffs' counsel have already submitted their moving briefs in this case, which represent Plaintiffs' major financial burden for this litigation. ECF Doc. Nos. 42 & 46-1. Plaintiffs therefore contend that they have a great financial and business interest in continuing this instant litigation on the agreed-upon schedule without a stay.

In particular, Commerce's scope issue concerns only whether two-ply is within the scope of the Orders but all of the plaintiffs can establish that they procured and imported plywood from Finewood that did not consume two-ply raw wood veneer material at all. CBP must answer for its affirmative finding with respect to that plywood, and there is no reason to wait years more to evaluate that answer. *See* FEA & Liberty R. 56.2 Br. at 46-50, ECF Doc. No. 46-1 (discussing how Finewood's accounting system was organized by purchase and production order so it could trace, report and verify exactly which products sold in which shipments to which importers consumed two-ply) ; APPI R.56.2 Br. At 20-36, ECF Doc. No. 42 (providing record citations

matching APPI shipments to production and purchase records that establish that no Chinese two-ply was used in the production of the imported plywood in those shipments).

In addition, Plaintiffs do not understand Defendant's reasoning that addressing Plaintiffs' issues specific to CBP's conduct of EAPA 7252 is "procedurally problematic" in light of the Federal Circuit's oral argument in *Royal Brush Mfg. v. United States*, CAFC Ct. No 22-1226. Plaintiffs' counsel is familiar with the oral argument before the CAFC in *Royal Brush* through the Court's recording of the argument. Counsel is only too well aware that pointed questioning from the bench does not mean that the appeals court is ready to overturn a lower court decision. Even if the Court were to find fault with certain aspects of the lower court opinion, Plaintiffs' briefing on CBP's conduct of EAPA Inv. 7252 rests on the specific facts of this instant case as well as issues that go beyond those being litigated in *Royal Brush*. For instance, Plaintiffs argue that in this instant case, CBP did not timely serve, or cause to be served, record documents in accordance with 19 C.F.R. §§165.15(e) & 165.21, that CBP's EAPA regulations cannot be the basis for the agency's enforcement actions because they are interpretive rules only, and that CBP did not meet its statutory deadline for completing EAPA Inv. 7252, thereby harming the parties' interest in an investigative process that follows strict timelines.

After review of CBP's administrative record in writing their moving briefs, Plaintiffs contend that this Court can and should reject CBP's decision in EAPA Inv. 7252 regardless of the ultimate outcome of the action against Commerce's scope determination in *Finewood III*. Considering the time that Commerce may take with its remand redetermination (including foreseeable extension requests by Commerce) and an eventual appeal by Defendant and/or Defendant-Intervenors, the Court may very well be able to resolve this case at the same time or before a final resolution of *Finewood III*.

**2. Defendant's Requests for Extension of Time and Limit to Argument**

Plaintiffs do not object to Defendant's request for a 45-day extension of time for filing its response brief because Defendant should have the Commerce Remand in hand by then. *See* Mot. At 8-9. In light of the extraordinary amount of time that Defendant has already had to consider Plaintiffs' moving briefs, however, Plaintiffs request that the Court not grant any further extensions for Defendant to respond to their moving briefs.

On the other hand, Plaintiffs strenuously object to granting Defendant's proposed stay of arguing certain issues in its response brief. Mot. At 7. Defendant's selected pages to which it proposes to stay argument refer to issues where Plaintiffs discuss errors that CBP made in interpreting and drawing conclusions from record evidence in this specific case. Plaintiffs request that the Court insist that Defendant respond to all issues raised by Plaintiffs in order to ensure a timely and conclusive resolution to this case.

We appreciate the Court's consideration of Plaintiffs' opposition to Defendant's motion to stay any portion of this action.

        Respectfully submitted,

By:   /s/ Gregory S. Menegaz
DEKEIFFER & HORGAN, PLLC
Suite 1101
1156 15th Street N.W.
Washington, D.C. 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
*Counsel for Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.*

By:   /s/ Frederic D. Van Arnam, Jr.

                                                BARNES, RICHARDSON & COLBURN, LLP
                                                100 William Street, Suite 305
                                                New York, NY 10038
                                                Tel.: (212) 725-0200, ext. 126
                                                Fax: (212) 889-4135
                                                *Counsel for American Pacific Plywood, Inc.*


By:    /s/ Thomas H. Cadden
         Thomas H. Cadden
         CADDEN & FULLER LLP
         2050 Main Street, Suite 260
         Irvine, CA 92614
         Tel.: (949) 788-0827
         *Counsel for InterGlobal Forest LLC*

Dated: May 24, 2023