**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. and<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>and<br><br>AMERICAN PACIFIC PLYWOOD, INC., and<br>INTERGLOBAL FOREST, LLC,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Consol. Court No. 22-00213 |

**DEFENDANT'S MOTION FOR A VOLUNTARY REMAND**

      Pursuant to Rule 7(b) of the Rules of the Court, defendant, the United States, respectfully

request that the Court enter a voluntary remand in this case so that U.S. Customs and Border

Protection (CBP or Customs) may reconsider or further explain its evasion determination in light

of:  (1) this Court's decisions in *Far East American, Inc., et al. v. United States*, Consol. Ct. No.

22-0049, Slip Op. 23-58 (Ct. Int'l Trade April 20, 2023) (*Far East I*), and *Far East American,*

*Inc., et al., v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-122 (Ct. Int'l Trade Aug. 22,

2023) (*Far East II*), in which this Court concluded that plaintiffs' two-ply hardwood products

did not fall within the scope of the orders addressed in *Certain Hardwood Plywood Products*

*from the People's Republic of China*, 83 Fed. Reg. 504 (Dep't of Commerce Jan. 4, 2018) and

*Certain Hardwood Plywood Products from the People's Republic of China*, 83 Fed. Reg. 513

(Dep't of Commerce Jan. 4, 2018) (CVD order) (*Plywood Orders*), and (2) the recent decision

issued by the United States Court of Appeals for the Federal Circuit in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) relative to the treatment of confidential information.

Remand would allow CBP to reconsider several issues raised in the plaintiffs' motions for judgment on the agency record, such as whether the merchandise is "covered merchandise" within the meaning of 19 U.S.C. § 1517(a)(5).  Remand would also allow CBP to review the administrative record and provide public versions, as appropriate, of certain confidential documents, while also providing plaintiffs with access to confidential information not previously made available during the investigation and an opportunity to respond to such information.

During a status conference held with this court on November 1, 2023, Greg Menegaz, counsel for plaintiffs Far East American, Inc. and Liberty Woods, International, Inc., (collectively FEA), Frederic Van Arnam, Jr., counsel for American Pacific Plywood, Inc., (APPI), and Thomas Cadden, counsel for plaintiff Interglobal Forest LLC (Interglobal) all stated that their clients oppose a motion to remand.

## **<u>BACKGROUND</u>**

This consolidated case concerns CBP's final affirmative determination of evasion pursuant to the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517(c).  *See* Trade Remedy Law Enforcement Directorate (TRLED) Notice of Determination as to Evasion, P.R. 136, C.R. 81 (Jan. 28, 2022) (TRLED Evasion Determination); Final Administrative Determination, P.R. 148, C.R. 94 (June 6, 2022) (Office of Regulations and Rulings (ORR) Determination); Final Administrative Supplemental Determination, P.R. 151, C.R. 95 (July 6, 2022) (ORR Supp.).

CBP initiated EAPA 7252 on August 15, 2018, based upon allegations that various importers entered Chinese-origin hardwood plywood, manufactured by Vietnam Finewood Company Limited (Finewood), that had been transshipped through Vietnam and falsely declared of Vietnamese origin to evade the payment of antidumping and countervailing duties. TRLED Evasion Determination at 2.  After learning that Finewood was importing into Vietnam Chinese-origin two-ply panels, which are also referred to as "cores," for use in its merchandise, TRLED subsequently referred the matter to Commerce for a scope determination, pursuant to 19 U.S.C. §1517(b)(4) and 19 C.F.R. § 165.16.  TRLED Evasion Determination at 5.  In its scope determination, Commerce found that two-ply panels are " veneered panels" that are within the scope of the Plywood Orders.  TRLED Evasion Determination at 5; Commerce Final Scope Ruling Antidumping Duty and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China, P.R. 133, C.R. 79 (Jan. 27, 2022) (Scope Determination).

In its evasion determination, TRLED relied heavily on Commerce's Scope Determination, and Commerce's Scope Determination is an essential element in TRLED's finding that Finewood sourced "plywood" from China.  TRLED Evasion Determination at 8 (discussing that Finewood purchased most of its "two-ply" panels from China and that there was no reliable evidence to differentiate between Chinese and Vietnamese-origin plywood, and consequently, the importers' entries from Finewood constituted "covered merchandise" ).  Similarly, in its *de novo* review of TRLED's determination, CBP's Office of Regulations and Rulings (ORR) also relied heavily on Commerce's Scope Determination.  ORR Determination at 15-19.

In February 2022, the plaintiffs filed a lawsuit challenging Commerce's Scope Determination, and, several months later, filed this action to challenge CBP's determination of

evasion.  In their briefing challenging the evasion determination, plaintiffs also raised arguments

that CBP had violated the plaintiffs' due process rights when it withheld confidential information

on which it relied in making its evasion determination.  *See* APPI Motion for Judgment on the

Agency Record at 46-47, Jan. 13, 2023, ECF No. 42 (APPI Br.); FEA Motion for Judgment on

the Agency Record at 17-29, Jan. 17, 2023, ECF No. 46-1 (FEA Br.); Interglobal Motion for

Judgment on the Agency Record at 33-34, Jan. 13, 2023, ECF No. 44 (Interglobal Br.).

On April 20, 2023, this Court entered an opinion and order in *FAR East I* in which it

remanded Commerce's Scope Determination.  *Far East I*, Slip Op. 23-58 at 38.  In its decision,

this Court concluded that Commerce's Scope Determination was inconsistent with the "clear" and

"unambiguous meaning" of the *Plywood Orders* and remanded the matter to Commerce for

further proceedings.  *Id*. at 31; *Far East II*, Slip Op. 23-122 at 3-4.  Commerce subsequently

issued a remand redetermination in which it reconsidered its Scope Determination and concluded

that hardwood plywood produced by Finewood in Vietnam using Chinese two-ply panels and

subsequently exported to the United States does not fall within the scope of the *Plywood Orders*.

*Finewood II*, Slip Op. 23-122 at 4.  On August 22, 2023, this Court issued its decision in

*Finewood II* in which it sustained Commerce's determination on remand.  *Id*. at 5.

Separately, the Federal Circuit recently held in *Royal Brush Manufacturing v. United

States*, 75 F.4th at 1262, that CBP violated an importer's due process rights by relying upon

factual information that was not provided to the importer in making its evasion determination.

## ARGUMENT

### I.  Standard Of Review

Voluntary remand is consistent with the principle that "{a}dministrative agencies have an

inherent authority to reconsider their own decisions, since the power to decide in the first

instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *Id*. An agency's concerns are substantial and legitimate when: (1) "{the agency} provided a compelling justification for its remand request," (2) "the need for finality – although an important consideration – does not outweigh the justification for voluntary remand presented by {the agency}," and (3) the "scope of {the agency's} remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *see also SKF*, 254 F.3d at 1029-30 (reversing trial court's decision to deny remand and stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action"). Further, as this Court has explained, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prod. Inc. v. United States*, 31 CIT 393, 396 (2007).

II.      **Remand Is Warranted**

Our request for a voluntary remand for reconsideration is substantial and legitimate. Remand would allow CBP to consider several issues raised in the plaintiffs' motions for judgment on the administrative record.  Specifically, a remand would allow CBP to reconsider whether the plaintiffs imported "covered merchandise" for purposes of 19 U.S.C. § 1517(a)(5), in light of this Court's decisions in *Far East I* and *Far East II*.  It would also allow CBP to address the Federal Circuit's decision in *Royal Brush Manufacturing Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023).  Further, if on reconsideration, CBP concludes that plaintiffs did not import "covered merchandise" for purposes of EAPA, remand will conserve judicial resources by narrowing the issues before the Court.

A.      **Remand Is Required So That CBP Can Reassess Its Evasion Determination In Light Of This Court's Decision Overturning Commerce's Scope Ruling**

In this Court's now-final decision in *Far East I*, the Court disagreed with Commerce's Scope Determination and held that the relevant scope language in the *Plywood Orders* unambiguously excluded the two-ply panels that were manufactured by Finewood.  Commerce's scope determination was key to CBP's evasion determination.  Thus, now that the Court's decision in *Far East I* is final, CBP will need to evaluate whether the entries at issue in the EAPA investigation in fact contain covered merchandise, *i.e.*, merchandise within the scope of *Plywood Orders*, as determined by *Far East I*, which may require CBP to reassess its final determination of evasion.

This analysis will necessarily implicate many of the arguments raised in plaintiffs' briefs. Significantly, all three plaintiffs raised arguments asserting that CBP's evasion determination included merchandise that was not covered by the scope of the *Plywood Orders*.  For example, APPI argued, APPI Br. at 20-29, that CBP erroneously included one-ply panels that did not

6

constitute "covered merchandise" under EAPA.  *See also id.* at 30-36 (arguing that CBP failed to examine the record as a whole in concluding that certain of APPI's entries contained covered merchandise under EAPA).  Similarly, Interglobal argued that CBP misinterpreted Commerce's Scope Determination and ignored evidence that Finewood did not use two-ply for all finished panels.  Interglobal Br. 27-33.  Finally, FEA raised several arguments that CBP erred in including merchandise that was not "covered merchandise" under EAPA in its evasion determination.  *See, e.g.*, FEA Br. at 46-50 (arguing that CBP included non-subject merchandise and either failed to consider or misinterpreted record evidence in making its determination).

If, after further review, CBP finds that the entries at issue do not contain covered merchandise, it will be unnecessary for the Court to decide any of the other arguments that plaintiffs raised.  Thus, remanding may "essentially expedite{} the relief that {the plaintiffs} seek{} and may obviate the necessity for remand (or perhaps, any proceedings) later."  *Borusan Mannesmann Pipe U.S., Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (Ct. Int'l Trade June 25, 2020).  Further, the scope of the request is appropriate to address the issues that have been raised.  Thus, the Government's request is substantial and legitimate and should be granted.

**B.   Remand Is Warranted In Light Of The Federal Circuit's Decision In *Royal Brush***

Again without confessing error, we also respectfully request that the Court grant a limited voluntary remand in light of the Federal Circuit's decision in *Royal Brush* concerning the

treatment of confidential information.[1]  Plaintiffs argue that CBP has inappropriately withheld confidential information contained in documents central to CBP's determination of evasion (such as the attaché report, the notice of initiation, and the verification report) did not have corresponding public versions sufficient to permit a reasonable understanding of the underlying information.  *E.g.*, APPI Br. at 45-46 ("By failing to provide APPI with public summaries of these three key documents, CBP violated not just its regulations requiring the dissemination of a public summary but denied APPI it basic due process rights to understand the nature of the allegations against it and to respond to the findings associated with the {documents}"); Interglobal Br. at 30-31, 33 (arguing that CBP violated its due process rights by failing to provide counsel "full access to all record information, including confidential information" and that Interglobal was unable meaningfully to comment on the verification report); FEA Br. at 17-18 and 20 (arguing that CBP violated due process rights in failing to provide public summaries and that FEA had never received  public versions of new factual information provided by the alleger).

As noted above, the Federal Circuit recently held in *Royal Brush* that there "is no legitimate government interest {} in refusing to provide confidential business information" when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}"  75 F.4th at 1259.  Moreover, the Court noted that Customs has the "inherent authority

---

[1]   During the status  held on November 1, 2023, the Court inquired about the possibility of a bifurcated remand in which CBP would first determine whether there was covered merchandise and then address the *Royal Brush* procedural issues.  If, on remand, CBP finds that there is no covered merchandise then the rest of the procedural issues regarding due process would be subsumed in that determination.  If there is covered merchandise, however, a bifurcated remand would be inefficient because CBP would then require a second remand to address the procedural issues.

to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs.  *Id.* at 1261.

Here, it is appropriate for this Court to exercise its discretion in granting the requested remand because plaintiffs have raised arguments in their briefs to this Court that give CBP a substantial and legitimate concern to reconsider its position in the final decision.  Given the *Royal Brush* decision, CBP now acknowledges potential concerns with how it treated confidential information during the underlying review, and how that may have limited plaintiffs in responding to the alleger's transshipment allegations.

Granting our motion is particularly appropriate because a remand may allow Customs to "cure the very legal defects asserted by plaintiffs challenging federal action."  *Citizens Against the Pellissippi Parkway*, 375 F.3d at 416; *see also Baroque Timber*, 925 F. Supp. 2d at 1339 ("Clarifying and correcting a potentially inaccurate determination is a compelling justification {for voluntary remand}.").

Further, we note that in requesting a limited voluntary remand on this issue, the Government does not waive any defenses regarding the decision at issue nor any arguments related to the merits of the issues before the Court.  *See, e.g., Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017) (finding that by requesting a voluntary remand on the entire issue of surrogate country selection and addressing all of respondent's arguments on remand, Commerce did not waive specific arguments about the quality of Indonesian financial ratio data, which were related to the surrogate country selection issue); *Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003) (holding that the Court "should have remanded once again for further proceedings rather than instructing entry by the {International Trade} Commission of a negative injury determination.").

Should the Court grant our request for a limited voluntary remand, we respectfully suggest that it enter an amended protective order similar to that entered in *Newtrend USA Co., Ltd. et al. v. United States*, No. 22-00347 (Ct. Int'l Trade), and *Ad Hoc Shrimp Trade Enforcement Committee v. United States*, No. 21-00129 (Ct. Int'l Trade), in which cases the Court fashioned a protective order upon remand that allowed the plaintiffs to access proprietary information.[2]

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter to CBP for up to 120 days for further administrative proceedings, and to provide the parties access to business confidential information.  We also respectfully request that the Court stay briefing on plaintiffs' motions for judgment on the agency record pending CBP's redetermination and that the Court require the parties to file a joint status report within 10 days of CBP's determination explaining if further litigation is necessary and, if so, providing a proposed briefing schedule.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

---

[2]  We have included the protective order as Attachment 1.

10

OF COUNSEL:
JENNIFER L. PETELLE                    /s/ Elizabeth Speck
Attorney                               ELIZABETH SPECK
U.S. Customs and Border Protection     Senior Trial Counsel
  Office of the Chief Counsel          U.S. Department of Justice
                                       Civil Division
                                       Commercial Litigation Branch
                                       Department of Justice
                                       P.O. Box 480
                                       Ben Franklin Station
                                       Washington D.C. 20044
                                       Tel: (202) 307-0369
                                       Email: elizabeth.speck@usdoj.gov

                                       EVAN WISSER
                                       Trial Attorney
                                       Civil Division
                                       Commercial Litigation Branch
                                       P.O. Box 480
                                       Ben Franklin Station
                                       Washington, D.C. 20044

November 8, 2023                       Attorneys for Defendant

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. and )<br>LIBERTY WOODS INTERNATIONAL, INC., )<br> )<br> Plaintiffs, )<br> )<br> and )<br> )<br>AMERICAN PACIFIC PLYWOOD, INC., and )<br>INTERGLOBAL FOREST, LLC, )<br> )<br> Consolidated Plaintiffs, )<br> )<br> v. )<br> )<br>UNITED STATES, )<br> )<br> Defendant. )<br> )  | Consol. Court No. 22-00213 |

<u>ORDER</u>

Upon consideration of defendant's motion for a voluntary remand, it is hereby

ORDERED that defendant's motion is granted, and it is further

ORDERED that this matter is remanded to the Department of Homeland Security, U.S

Customs and Border Protection (CBP) for further consideration of its evasion determination; and

it is further

ORDERED that the remand shall be completed and filed within 120 days of this Order;

and it is further

ORDERED that the briefing under the current scheduling order is suspended; and it is

further

ORDERED that the parties will file a joint status report explaining whether further litigation is necessary, and, if so, propose a new briefing schedule within 10 days of the filing of the remand determination.

Dated _____               _____
        New York, N.Y.                                        Chief Judge

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief contains 3,076 words.  In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

*/s/ Elizabeth A. Speck*
ELIZABETH A. SPECK

ATTACHMENT 1

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. and LIBERTY WOODS INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| AMERICAN PACIFIC PLYWOOD, INC., and INTERGLOBAL FOREST, LLC, | )   Consol. Court No. 22-00213 ) ) |
| Consolidated Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

## <u>AMENDED PROTECTIVE ORDER</u>

1.      For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

2.     This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.  This Protective Order does not restrict in any manner a party's use of its own Confidential Information.  This Protective Order shall also govern any remand proceedings before U.S. Customs and Border Protection ("CBP") resulting from this action.

3.     No receiving party may disclose any document designated as containing Confidential Information, or any information contained in such a document, to any person other than:

    A.     Counsel for a party in this action who are engaged in the conduct or preparation of this action, any remand proceedings before CBP resulting from this action, or any appeal from a decision in this action;

    B.     Secretaries, paralegal assistants, clerical personnel, and other employees of a party in this action who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action;

    C.     Persons who prepared, received, or reviewed Confidential Information prior to its production in this case;

    D.     Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense or resolution of this case;

    E.     Authorized personnel of the U.S. Court of International Trade;

    F.     Videographers or court reporters retained by a party to this action or the Court;

G.     Any third party consultant or experts who are retained to assist in the preparation of this action or any remand proceedings before CBP resulting from this action.

4.     For the purposes of this proceeding and any remand proceedings before CBP resulting from this action, the parties will rely on Form 17 (Business Proprietary Information Certification) of the Court to gain access to Confidential Information.  Upon the filing of a Form 17, counsel for Plaintiffs and Consolidated Plaintiffs shall be provided access to the Confidential Information filed on the record of this proceeding, consistent with the terms of this Protective Order.  Counsel for Plaintiffs and Consolidated Plaintiffs shall cause all persons under counsel's direction and control who see Confidential Information to comply with the terms of this Protective Order.

5.     All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order.  Persons receiving Confidential Information pursuant to this Protective Order will not make use of or disclose any Confidential Information for any purpose other than the litigation of this action.  A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party contained in any filing of that party or any information of the party contained in the administrative record, when it files such information without redaction and not under seal.

6.     Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order,

3

prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7.     A designation of information as "confidential" is to be made by stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself.  When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential.  The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph.  Any Confidential Information must be appropriately identified by enclosing it in brackets.  Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-BPI and other non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

8.     Any documents, including briefs and memoranda that are filed with the Court in this civil action or with CBP in any remand proceeding resulting from this action and that contain any Confidential Information, shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public.

9.     Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the plaintiffs, counsel for the defendant, and counsel for consolidated plaintiffs.  The party filing any document referred to in this paragraph shall also file within one

4

business day after the date of filing the document another copy of such document from which all

of the confidential information shall have been deleted in accordance with Rule 5(g) of the Rules

of this Court.  During any remand proceedings before CBP, documents including a claim for

business confidential treatment under this Protective Order must be served on counsel to the

other parties to the remand proceedings using a secure file sharing service acceptable to all

parties.

10.     If counsel for any party to this Protective Order finds it necessary to refer to

Confidential Information in any oral proceeding before this Court, such counsel shall notify the

Court and all other counsel of record as soon as the necessity becomes apparent and propose

whatever mechanism which may be available and appropriate to prevent disclosure of

Confidential Information to persons other than those authorized by this Protective Order.

11.     The obligations and protections imposed by this Protective Order shall include all

remand proceedings before CBP and continue beyond the conclusion of this case, including any

appellate proceedings, or until the Court orders otherwise.

12.     Upon conclusion of this litigation, including such appellate review as may occur,

documents designated as Confidential Information and all copies of same (other than exhibits of

record) will be destroyed by any non-Government receiving party; or alternatively, if requested

by the producing party, such documents and copies (other than exhibits of record) will be

returned by the non-Government receiving party to the producing party at that party's request,

other than copies containing work notes of counsel or other authorized persons, which will be

destroyed.

13.     Any party may petition the Court, on reasonable notice to all other parties, for a

modification of the terms of this Protective Order.  The Court shall have continuing jurisdiction

to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, including during any remand proceedings before CBP, notwithstanding the final termination or conclusion of this case.

14.     If a dispute arises concerning the designation of any Confidential Information, the parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.  During any remand proceeding before CBP, any dispute concerning the designation of any Confidential Information shall be first resolved by determination of CBP as part of its remand redetermination and in accordance with CBP's regulations and procedures and the remand procedures ordered by the Court.  If a dispute regarding designation of any Confidential Information is not resolved to the satisfaction of the parties by CBP's determination, the parties may challenge such determination as part of any challenge to CBP's remand redetermination.

15.     If the parties cannot informally resolve any dispute regarding whether particular information is properly designated, or properly not designated, as Confidential Information under this Protective Order, a party may apply to or move the Court for an in camera determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure.  The Designating (or non-Designating) Party shall be given notice of the application or motion and a reasonable opportunity to respond.  Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise.  The burden rests on the Designating (or non-Designating) Party to demonstrate that the designation (or lack thereof) is proper.  The procedures in this paragraph 15 apply only to material marked as Confidential Information during proceedings before the Court.  Nothing in this paragraph shall be interpreted to permit any

party to challenge any designation of Confidential Information made at the agency level except

as specifically provided for by statute, CBP's procedures and regulations, and as set forth in

paragraph 14.

Dated: _____                  _____
         New York, New York                                                  Chief Judge