# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND <br> LIBERTY WOODS INTERNATIONAL, INC., <br> <br> Plaintiffs, <br> <br> and <br> <br> AMERICAN PACIFIC PLYWOOD, INC., AND <br> INTERGLOBAL FOREST, LLC, <br> <br> Consolidated Plaintiffs <br> <br> v. <br> <br> UNITED STATES, <br> <br> Defendant | Consol. Ct No. 22-00213 |

### AMERICAN PACIFIC PLYWOOD, INC'S OPPOSITION TO DEFENDANT'S MOTION FOR A VOLUNTARY REMAND

Consolidated Plaintiff American Pacific Plywood, Inc. ("APPI"), by and through its undersigned counsel, hereby opposes Defendant's Motion for a Voluntary Remand (November 8), ECF Doc. No. 65 ("Mot."). For the following reasons, APPI respectfully requests that this Court deny Defendant's motion, and set down a revised scheduling order in this case extending the Defendant's time to respond to Plaintiffs' and the Consolidated Plaintiffs' Rule 56.2 motions for judgment on the agency record by no more than 30 days from the date of a decision on this motion.

## BACKGROUND

The operative facts at issue in this case are set out clearly and in detail in the various Rule 56.2 motions filed by the Plaintiffs and Consolidated Plaintiffs in this matter.  In a nutshell, however, this EAPA investigation was triggered on July 9, 2018, when a competitor of the Plaintiffs and Consolidated Plaintiffs provided various documents and films to U.S. Customs and Border Protection ("CBP"), alleging that hardwood plywood was being manufactured in China, shipped into Vietnam to Vietnam Finewood Company Limited ("Finewood"), and then transshipped to the United States.  Eventually, these films were rejected as "not provid[ing] any relevant evidence of transshipment or evidence of Finewood's production capacity, or lack thereof."  *Final Administrative Review*, (June 6, 2022) (Office of Regulations and Rulings ("ORR")) (hereafter "*Administrative Review*"), ECF Doc. No. 21, attachment 7, PD 148 at PR002761; ECF Doc. No. 22, attachment 53, CD 94 at BC-023846.  The reason for this conclusion was clear.  The extensive record compiled by CBP did not establish that Finewood imported finished hardwood plywood from China and then transshipped it on to APPI.  Instead, CBP discovered during its investigation that:

> in addition to Vietnamese raw materials, [Finewood] purchased and imported materials, including two-ply panels and single veneer sheets, from a Chinese supplier, which it subsequently sent to "tollers" in Vietnam, to produce its finished hardwood plywood shipped to the United States.

*Administrative Review*, PD 148 at PR002757; CD 94 at BC-023842.

Based on this finding, and at the last minute, CBP sought from the Department of Commerce a scope ruling on the issue of whether hardwood plywood manufactured in Vietnam using Chinese origin two-ply constituted covered merchandise under *Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Order*, 83 Fed. Reg. 504 (Jan. 4, 2018) and *Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Jan 4, 2018) (hereafter collectively the "*Orders*"). As this Court knows, Commerce concluded that Chinese two-ply was covered by the scope of the *Orders* as a certain type of "veneered panel" and that the further processing of Chinese origin two-ply panels in Vietnam into hardwood plywood did not substantially transform the Chinese two-ply panels. Commerce concluded that "Finewood's plywood produced in Vietnam using two-ply panels imported from China remains China." *Commerce Scope Ruling Memorandum* (Jan.21, 2022) at p. 44, ECF Doc. No. 21, attachment 6, PD133 at PR002462.

Thus, the EAPA investigation that started based on spurious allegations from a business competitor of "traditional" transshipments of finished hardwood plywood from China through Vietnam into the United States ended up being recast as to whether:

> finished hardwood plywood, manufactured in Vietnam, and imported into the United States, contained Chinese-origin two ply panels, and thus remained of Chinese origin for AD/CVD purposes and within the scope of the AD/CVD Orders . . ..

*Administrative Review*, PD 148 at PR 002760; CD 94 at BC-023845. Having now

3

rephrased the evasion question in terms consistent with Commerce's scope ruling, CBP concluded that any shipment of hardwood plywood from Finewood made using Chinese origin two-ply was merchandise covered by the *Orders*. Furthermore, and not notwithstanding CBP's acknowledgment that, at a minimum, some of Finewood's hardwood plywood production was Vietnamese, CBP concluded that "no feasible method on the record" existed to differentiate the product subject to the *Orders* (*i.e.*, hardwood plywood produced in Vietnam manufactured with Chinese origin two-ply) from the product outside the scope of the *Orders* (*i.e.*, hardwood plywood produced in Vietnam without Chinese origin two-ply). *See, Notice of Determination as to Evasion* ("*Evasion Determination*") ECF Doc. No. 21, attachment 6, PD 136 at PR002475; ECF Doc. No. 22, attachment 35, CD 81 at BC-017135. And because CBP believed it had no reliable means by which to identify covered merchandise from merchandise not covered by the *Orders*, CBP simply concluded that all hardwood plywood shipments from Finewood imported by APPI and the other importers were subject to the *Orders* as covered merchandise. *Id*.

This problem, however, no longer exists. Again, as this Court knows, Commerce's original scope determination was reversed in *Far East American, Inc., et. al. v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-58 (Ct. Int'l Trade April 20, 2023), and after remand the court held that hardwood plywood manufactured in Vietnam by Finewood using Chinese origin two-ply and then shipped to the United States was not within the scope of the *Orders*. *Far East American, Inc., et. al. v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-58 (Ct. Int'l Trade April 20,

2023) (hereafter collectively "*Far East*"). As a result of the decisions in *Far East*, the shipments of hardwood plywood at issue in this EAPA case made in Vietnam by Finewood using Chinese origin two-ply are, as a matter of law, not Chinese origin and not subject to the *Orders*. In turn, therefore, the segregation issue that purportedly confounded CBP in this EAPA case and is CBP's basis for characterizing all shipments of hardwood plywood from Finewood to APPI as covered merchandise is no longer an issue.

## ARGUMENT

**I.     Plaintiffs' Claims Can Be Resolved Without Need of Remand.**

    A.    <u>Remand is not Necessary to Consider *Far East*</u>

In its moving papers, the Defendant requests remand for two reasons. Mot. at 6-7. The first is to revisit CBP's evasion determination and to consider the impact of the *Far East* decision on it. As to this request, Defendant points to the arguments made by APPI, the Plaintiffs and the other Consolidated Plaintiff that many of their shipments (or most, as is the case with APPI) contain hardwood plywood that was manufactured by Finewood in Vietnam without using Chinese origin two-ply. Mot. at 7. Defendant acknowledges that if after remand it concludes that no covered merchandise remains implicated in the EAPA investigation, then it will be unnecessary for the court to decide any of the other arguments raised by the Plaintiffs or Consolidated Plaintiffs. *Id*.

The Defendant does not need a remand to determine this issue. Its stated need to reconsider its position via remand is not substantial considering its

5

independent ability to evaluate the impact of the *Far East* decision in the context of this litigation, and thereafter to defend the *Evasion Determination* and the *Administrative Review* decisions by responding to the open motions against it. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028-29 (Fed. Cir. 2001) (requiring the agency's concern to be "substantial and legitimate" so to warrant remand to reconsider its position). The *Evasion Determination* concluded that the record did not allow CBP to segregate in-scope hardwood plywood made with Chinese two-ply from out-of-scope hardwood plywood made without it. *Evasion Determination,* PD 136 at PR002475; CD 81 at BC-017135. Therefore, CBP concluded that all hardwood plywood produced in Vietnam by Finewood was within the scope of the *Orders* and thus covered merchandise under the EAPA. *Id.* Given this was the foundation of CBP's EAPA decision, then the following corollary must be true – because Chinese two-ply is now outside the scope of the *Orders*, then Vietnamese manufactured hardwood plywood made using either Chinese origin two-ply or using other single plies, cores, and veneers regardless of origin are also outside the scope of the *Orders* and are not covered merchandise under the EAPA. No further need exists to ascertain which pieces of hardwood plywood contained Chinese origin two-ply and which ones did not, as none of it is covered merchandise.

    The Defendant cites *Borusan Mannesmann Pipe U.S., Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (Ct. Int'l Trade June 25, 2020) for the proposition that a remand is appropriate when it will "essentially expedite{} the relief that {the plaintiffs} seek{} and may obviate the necessity for remand (or

perhaps, any proceedings) later." Mot. at 7. APPI does not see how a remand expedites this matter given that CBP no longer needs to determine which merchandise was made with Chinese origin two-ply versus without it, as CBP's alleged inability to differentiate such merchandise was rendered moot by *Far East*. Vietnamese hardwood plywood made with Chinese origin two-ply is no longer in scope and Vietnamese hardwood plywood made without Chinese origin two-ply never was.

CBP should not need a remand to make this determination. The record has not changed. The record was created by CBP based on its investigation. It was verified by the agency when preparing its *Verification Report*. CBP must have reviewed it as a predicate to issuing its *Evasion Determination*. ORR should have reviewed it prior to issuing its *de novo Administrative Review*. CBP has known since at least February 18, 2022, when the *Far East* case was commenced, that the possibility existed that the scope decision upon which its EAPA decision was founded could be reversed. It has known since April 20, 2023, that Commerce's scope ruling had been invalidated by the CIT, which ruled that the scope of the *Orders* no longer included Vietnamese origin hardwood plywood made using Chinese origin two-ply. It has known since October 22, 2023, that *Far East* was a final decision, having passed on its opportunity to seek appellate review. The agency has had more than ample time to discuss internally and with its counsel whether it can continue to defend the record or whether confessing judgment is the appropriate option.

If CBP believes that the record continues to support a finding of evasion, then it should take its case forward to the Court and validate it by identifying substantial evidence on the record to that end, if such evidence exists. Sending it back upon remand does not change the record, as the Defendant has not asked to supplement it other than to release the materials and information required by the decision in *Royal Brush Manufacturing Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) ("*Royal Bush*"). Nor should the agency be given an opportunity to pivot its conclusions and come up with a new theory to backfill the gaps that now exist in its case because the scope determination was reversed. Especially now, as the Defendant has had eleven months to review Plaintiffs' and Consolidated Plaintiffs' arguments as set out in their Rule 56.2 motions. Either substantial evidence based on the existing record supports CBP's *Evasion Determination* and *Administrative Review* or it does not. A remand will not change this; it simply adds more delay to this case and further extends the time Defendant has had to contest the open Rule 56.2 motions, as Defendant's original response filing deadline was June 15, 2023.

    B.    <u>Remand to Conform with *Royal Brush* May Not Be Needed</u>

The Defendant's second basis for remand is to allow the agency to comply with the Federal Circuit's decision in *Royal Brush*. In their Rule 56.2 motions, APPI, the Plaintiffs and Consolidate Plaintiff raised arguments involving the agency's refusal to share certain confidential information with them at various stages of the EAPA investigation. The *Royal Brush* decision validated those arguments, and now the agency is required as a matter of law to provide importers

8

in EAPA cases access to such confidential information. *Id*. at 1259, 1261.

At this time, no need exists to remand the matter for the agency to comply with *Royal Brush*. The underlying issue involving Chinese origin two-ply was resolved in *Far East,* and with it crumbled CBP's position that it could not determine covered from uncovered merchandise. If CBP files it brief and can convince this Court that substantial evidence on the record supports a finding that APPI and/or the other Plaintiffs and Consolidated Plaintiff engaged in evasion so that the case must continue, then at that time this Court can remand the matter to CBP to provide the *Royal Brush* documents and information and/or any other documents or information consistent with a decision of this Court. This would include any decisions made by the Court on the other issues raised by APPI, the Plaintiffs and the Consolidated Plaintiff where remand may be the appropriate remedy.

If, on the other hand, this Court rejects Defendant's construction of the record and finds that substantial evidence does not support a finding of evasion against APPI, the Plaintiffs and the Consolidated Plaintiff, then the need for any remand is unnecessary. This path is the best way to expedite the relief sought by the Plaintiffs and Consolidated Plaintiffs.

## CONCLUSION

For the reasons stated herein, we respectfully request that the Court deny the Defendant's motion for a remand. Furthermore, we request that the Court order that the Defendant's responses to the Rule 56.2 motions filed by the Plaintiffs and the Consolidated Plaintiffs be filed on the 30th day after the entering of the Court's order denying Defendant's motion for remand.

Respectfully submitted,

/s/Frederic D. Van Arnam, Jr.

Frederic D. Van Arnam, Jr.
Ashley J. Bodden
**BARNES, RICHARDSON & COLBURN, LLP**
100 William Street, Suite 305
New York, NY 10038
Tel.: (212) 725-0200, ext. 126
Fax: (212) 889-4135
Email:  rvanarnam@barnesrichardson.com
*Counsel for American Pacific Plywood, Inc.*

Dated: November 29, 2023
New York, NY

## CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure pp 2(B)(2), I hereby certify that this brief contains 2270 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

<u>/s/Frederic D. Van Arnam, Jr.</u>
Frederic D. Van Arnam, Jr.

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| AMERICAN PACIFIC PLYWOOD, INC., AND INTERGLOBAL FOREST, LLC, | ) )  Consol. Ct No. 22-00213 ) ) |
| Consolidated Plaintiffs | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant | ) ) |

**ORDER**

Upon consideration of defendant's motion for a voluntary remand, the response of consolidated plaintiff American Pacific Plywood, Inc. opposing defendant's motion for voluntary remand, and upon all other papers and proceeding had herein, it is hereby

ORDERED that defendant's motion is denied, and it is further

ORDERED that defendant's responses to the Rule 56.2 motions filed by plaintiffs and consolidated plaintiffs be filed no later than 30 days after the entry of this order.

_____
Chief Judge

Dated: _____
New York, NY