IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>        Plaintiffs,<br><br>and<br><br>AMERICAN PACIFIC PLYWOOD, INC. and<br>INTERGLOBAL FOREST LLC,<br><br>        Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant, | Consol. Ct. No. 22-00213 |

## CONSOLIDATED PLAINTIFF INTERGLOBAL FOREST LLC'S OPPOSITION TO DEFENDANT UNITED STATES' MOTION FOR A VOLUNTARY REMAND

Consolidated Plaintiff Interglobal Forest LLC ("IGF") submits this Opposition to Defendant United States' Motion For A Voluntary Remand ("Motion for Remand") of certain issues set forth below for a reconsideration or further explanation by U.S. Customs and Border Protection ("CBP" or "Customs") because those issues:

(i)     are not subject to further action by CBP because they have been decided in IGF's favor in this Court's decisions in *Far East American, Inc., et al. v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-58 (Ct. Int'l Trade April 20, 2023) ("Far East

1

I"), and *Far East American, Inc., et al., v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-122 (Ct. Int'l Trade Aug. 22, 2023) ("Far East II"), in which this Court concluded that plaintiffs' two-ply hardwood products did not fall within the scope of the antidumping and anticircumvention orders at issue herein (the "AD/CVD Orders");

(ii) in light of this Court's decisions in Far East I and Far East II, plywood constructed using one-ply panels did not fall within the scope of the antidumping and anticircumvention orders at issue herein;

(iii) the alleged transshipment issues originally alleged against IGF lack evidentiary support on the record and were therefore abandoned by CBP; and

(iv) considering the specific facts of this case, remand is not required pursuant to the recent decision issued by the United States Court of Appeals for the Federal Circuit in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) ("Royal Brush") relating to the treatment of confidential information, as the confidential information withheld from IGF is now moot in light of the decisions in Far East I, Far East II and CBP's abandonment of evidence allegedly supporting allegations of transshipment against IGF.

Moreover, to the extent they are applicable to IGF's Opposition, IGF adopts the arguments made in any Opposition by Plaintiffs Far East American, Inc. ("FEA"), Liberty Woods International, Inc. ("LWI"), and Consolidated Plaintiff American Pacific Plywood, Inc. ("APPI") to Defendant United States' Motion for Remand.

**I.   Defendant's Motion For Remand Seeks Remand To CBP Of Three Separate But Related Determinations Of Evasion Against IGF Dated (i) January 28, 2022, (ii) June 6, 2022 and (iii) July 6, 2022.**

The Motion for Remand seeks to remand three separate but related decisions by CBP: (i) the determination of evasion dated January 28, 2022, made by the Trade Remedy Law Enforcement Directorate ("TRLED"), Office of Trade ("OT"), U.S. Customs and Border Protection ("CBP"), pursuant to 19 U.S.C. § 1517(c), EAPA Consolidated Case Number 7252 ("January 28th Determination"); (ii) the June 6, 2022, Final Administrative Determination related to LWI, APPI, and FEA ("June 6th FAD"); and (iii) an addendum to the June 6th FAD, adding IGF's arguments and incorporating the determinations made in the June 6th FAD relating to IGF (the "July 6th ORR Supp."). See Trade Remedy Law Enforcement Directorate (TRLED) Notice of Determination as to Evasion, P.R. 136, C.R. 81 (Jan. 28, 2022) (TRLED Evasion Determination); Final Administrative Determination, P.R. 148, C.R. 94 (June 6, 2022) (Office of Regulations and Rulings (ORR) Determination); Final Administrative Supplemental Determination, P.R. 151, C.R. 95 (July 6, 2022) (ORR Supp.).[1]

**II.   Defendant's Motion Seeks Remand To CBP For Further Consideration Of The Two-Ply Issue, Which Has Already Been Decided By This Court. Therefore, Remand Of The Two-Ply Issue To CBP Is Neither Warranted Nor Required.**

In the July 6th ORR Supp., Customs opined, in pertinent part, that its determination of evasion against IGF was based on (i) whether the two-ply panels of Chinese-origin, which were further processed in Vietnam by manufacturer Vietnam Finewood Company Limited ("Vietnam

---

[1] Because of a spam blocking malfunction in CBP's designated EAPA inbox, CBP did not receive the timely submission made by Cadden & Fuller, LLP, on behalf of IGF until after it issued the June 6th FAD and therefore issued a supplemental decision dated July 6, 2023 addressing IGF's unique arguments.

3

Finewood"), to make hardwood plywood by adding the face and back veneers of non-coniferous wood, is merchandise covered by the AD/CVD Orders; and, (ii) whether substantial evidence demonstrates that the finished hardwood plywood manufactured in Vietnam contained Chinese-origin two-ply panels and, thus, remains covered under the scope of the AD/CVD Orders. See ORR Supp. at p. 4, ¶ 2.

In its Motion for Remand, Defendant United States admits that on April 20, 2023, this Court entered an opinion and order in Far East I in which it remanded Commerce's Scope Determination. Far East I, Slip Op. 23-58 at 38. In its decision, this Court concluded that Commerce's Scope Determination was inconsistent with the "clear" and "unambiguous meaning" of the AD/CVD Orders and remanded the matter to Commerce for further proceedings. Id. at 31; Far East II, Slip Op. 23-122 at 3-4. Commerce subsequently issued a remand redetermination in which it reconsidered its Scope Determination and concluded that hardwood plywood produced by manufacturer Vietnam Finewood in Vietnam using Chinese two-ply panels and subsequently exported to the United States does not fall within the scope of the AD/CVD Orders. Far East II, Slip Op. 23-122 at 4. On August 22, 2023, this Court issued its decision in Far East II in which it sustained Commerce's determination on remand. Id. at 5.

Incredibly, as if flouting the authority of this Court's decisions in Far East I and Far East II, in its Motion to Remand, Defendant United States argues that "Remand would allow CBP to reconsider several issues raised in the plaintiffs' motions for judgment on the agency record, such as whether the merchandise is "covered merchandise" within the meaning of 19 U.S.C. § 1517(a)(5)." See Motion for Remand, p 2, ¶ 2. In light of Far East I and Far East II, <u>there is nothing to "remand" to CBP</u> with respect to the plywood imported by IGF from Vietnam Finewood which contained two-ply panels. That issue has been decided, the time for appeal is past, and it is now res judicata that ALL plywood products containing two-ply panels imported by IGF from

4

manufacturer Vietnam Finewood are NOT subject to the AD/CVD Orders. There can be no "remand" to CBP as to whether the merchandise is "covered merchandise". It is not. Period.

### III. Defendant's Motion Seeks Remand To CBP For Further Consideration Of Whether CBP Erroneously Included One-Ply Panels As Covered Merchandise, But That Issue Has Already Been Addressed In The Final Scope Determination. Therefore, Remand Of The One-Ply Issue To CBP Is Neither Warranted Nor Required.

The Motion for Remand notes that IGF and the other plaintiffs raised arguments asserting that CBP's evasion determination included merchandise that was not covered by the scope of the AD/CVD Orders, specifically one-ply panels, that is, single veneers which were substantially transformed by manufacturer Vietnam Finewood to make plywood (Motion for Remand, p. 6,¶ 3). In successfully suing Defendant United States to force Commerce to revise its Scope Determination, IGF argued that some of the hardwood plywood it purchased from Vietnam Finewood was not produced with two-ply, and thus must be excluded from the Scope Determination. IGF further successfully argued that the AD/CVD Orders do not apply to various sizes and thickness of hardwood composed of single veneer, because the scope of "covered merchandise" prohibited by the AD/CVD Orders requires at least two plies *and* a core.

Specifically, in Far East II, this Court found in favor of Plaintiffs with respect to the scope of the AD/CVD Orders and disagreed with Commerce that the phrase "certain veneered panels" covered merchandise distinct from "hardwood plywood" and could include two-ply panels. See *Vietnam Finewood Co. v. United States*, 633 F. Supp. 3d 1243,1262 (2023) at 1255–62. The court held that the scope is unambiguous insofar as it "covers hardwood plywood and certain veneered panels that, for purposes of the underlying proceeding, and from the second scope sentence onward, are collectively described as hardwood plywood 'consisting of two or more layers or plies of wood veneers and a core,' i.e., at least three plies." Id. at 1262.

It speaks for itself that, if two-ply panels are not covered merchandise under the AD/CVD Orders because covered merchandise must be at least three plies, then one-ply panels are not covered under the AD/CVD Orders. Therefore, remand to allow CBP to reconsider whether CBP erroneously included one-ply panels as "covered merchandise" is not necessary. Any argument to the contrary is absurd on its face.

**IV. The Allegations Of Transshipment Of Plywood Purchased By IGF Lack Evidentiary Support On The Record And Were Unilaterally Abandoned By CBP. Therefore, Remand Of The Transshipment Issue To CBP Is Neither Warranted Nor Required.**

On July 9, 2018, Plywood Source, LLC ("Plywood Source"), a U.S. importer of Vietnamese origin hardwood plywood, filed five EAPA allegations against LWI, APPI, FEA, Ciel Group, Inc., and IGF (collectively the "Importers").

In support of these allegations, as set forth in the June 6th FAD and incorporated in the July 6th ORR Supp., the majority of Plywood Source's "evidence" of transshipment is contained within two short video clips purportedly showing the unloading of covered merchandise at the manufacturer's premises. In its June 6th FAD and July 6th ORR Supp., CBP noted that, while one video provided purported to show shipping boxes, delivered from China, and labeled for IGF, these videos do not show the location of the video, or any production activities, nor do they provide any verifiable reference to how these videos relate to the entries at issue. CBP admitted that it could not discern what is contained inside these shipping boxes, where they came from, or where they are going. As such, in the June 6th FAD, CBP found that these videos were rejected as "not provid[ing] any relevant evidence of transshipment or evidence of Finewood's production capacity, or lack thereof." See June 6th FAD, ECF Doc. No. 21, attachment 7, PD 148 at PR002761; ECF Doc. No. 22, attachment 53, CD 94 at BC-023846. Therefore, these videos were rejected as evidence by CBP and formed no part of the determination of evasion against IGF.

6

Now, in essence, Defendant United States seeks a "do-over" of the transshipment issue based on its own misconduct in withholding the irrelevant videos. However, because CBP disregarded these videos and did not consider them in either the June 6th FAD determination or the July 6th ORR Supp., the fact that CBP withheld these videos from IGF is not relevant. If they were not relevant evidence at the time of the June 6th FAD determination or the July 6th ORR Supp. they cannot be relevant evidence on remand. Thus, there is no compelling justification for Defendant United States' remand request and it is neither warranted nor required under the recent *Royal Brush* case, as discussed immediately below.

**V.    In Light Of The Facts Of This Case, Remand To CBP Is Not Required Under Royal Brush.**

In its present request for remand, Defendant United States relies on the recent decision issued by the United States Court of Appeals for the Federal Circuit in *Royal Brush Manufacturing, Inc v. United States,* 75 F.4th 1250 (Fed. Cir. 2023) relevant to the treatment of confidential information. *Royal Brush* concerned a case where "CBP relied upon factual information not provided to Royal Brush to support its determination that Royal Brush was evading duties by transshipping Chinese pencils through the Philippines." 75 F.4th at 1260. The Court found that CBP's reliance on factual information not provided to Royal Brush was "a clear violation of due process." *Id.*

As discussed above, in this case the majority of Plywood Source's "evidence" of transshipment is contained within two short video clips purportedly showing the unloading of covered merchandise at the manufacturer's premises. It is true IGF initially argued that CBP inappropriately withheld the confidential video evidence. But once CBP unilaterally decided that these videos did not provide any relevant evidence of transshipment or evidence of Vietnam Finewood's production capacity, or lack thereof, the videos formed no part of its determination of

7

evasion against IGF. Thus, the present case is distinguishable from the facts of *Royal Brush* because the withheld confidential information (video evidence) was not relied on by CBP in its evasion decision so IGF's due process was not violated by the failure to disclose the confidential videos.

The willingness of Defendant United States to now disclose the confidential video evidence by a protective order is meaningless and of no import. This Court should not allow Defendant United States to use the *Royal Brush* decision to attempt to justify its request for a remand. Absent a clear violation of due process there is no compelling justification for Defendant United States' remand request and it is inappropriate. Additionally, the non-disclosure of any confidential information withheld from IGF regarding two-ply panels is also moot because of the Far East I and Far East II decisions in which this Court finally determined two-ply and one-ply panels are not covered merchandise under the AD/CVD Orders because covered merchandise must be at least three plies.[2]

Finally, a remand to CBP will not "essentially expedite" the immediate relief that IGF is entitled to after it prevailed in Far East I and Far East II (see *Borusan Mannesmann Pipe U.S. Inc. v United States*, No. 20-00012, 2020 WL 3470104 at *4 (Court of Int.'l Trade June 25, 2020.)) *Borusan* is distinguished by the fact that remand to correct an administrative record in that case took place in the very early stages of litigation and thus promoted judicial economy. *Borusan*, Id. In the instant matter, IGF and the other importers have essentially prevailed on all the scope of

---

[2] CBP also withheld confidential information from IGF and the other importers contained in the "verification report" which it claimed supported its determination that two-ply panels were "covered merchandise" under the AD/CVD Orders, but Commerce's Scope Determination has been overruled by this Court and is not subject to "reconsideration" by CBP. See Motion for Remand, p. 8, ¶ 1.

8

covered merchandise issues after years of litigation, and a remand to CBP will only delay final resolution of IGF's complaint against Defendant United States.

## VI. Conclusion.

A remand to CBP will not "cure" the legal defects in CBP's determination that IGF imported "covered merchandise" in violation of the AD/CVD Orders. As Defendant United States admits in its Motion for Remand, in Far East I and Far East II, this Court *already* "cured" the U.S. Commerce Department's erroneous Scope Determination that two-ply panels were "covered merchandise". IGF's pending Rule 56.2 Motion for Judgment on the Agency Record will "cure" CBP's erroneous reliance on that flawed Scope Determination and CBP's subsequent finding that manufacturer Vietnam Finewood, and ultimately IGF, sourced "plywood" from China. See Motion for Remand, p. 3, ¶ 2 through p. 4, ¶ 2. There is no reason for further delays.

In light of the above, the Court should find remand to CBP is neither warranted nor required under *Royal Brush* and deny Defendant United States' Motion for Remand in its entirety.

Dated: November 29, 2023                    Respectfully submitted,

                                                                */s/ Thomas H. Cadden*
                                          Thomas H. Cadden
                                          CADDEN & FULLER LLP
                                          2050 Main Street, Suite 260
                                          Irvine, CA 92614
                                          Tel.: (949) 788-0827
                                          Email: tcadden@caddenfuller.com
                                          Counsel for Plaintiff,
                                          InterGlobal Forest LLC

## CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure pp 2(B)(2), I hereby certify that this brief contains 2485 words. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

*/s/ Thomas H. Cadden*
Thomas H. Cadden

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., )<br><br>Plaintiffs,<br><br>and<br><br>AMERICAN PACIFIC PLYWOOD, INC. and INTERGLOBAL FOREST LLC,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant, | Consol. Ct. No. 22-00213 |

**ORDER**

Upon consideration of defendant's motion for a voluntary remand, the response of consolidated plaintiff Interglobal Forest LLC opposing defendant's motion for voluntary remand, and upon all other papers and proceeding had herein, it is hereby

ORDERED that defendant's motion is denied, and it is further

ORDERED that defendant's responses to the Rule 56.2 motions filed by plaintiffs and consolidated plaintiffs be filed no later than 30 days after the entry of this order.

Dated: _____      _____
       New York, NY                    Chief Judge