UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| FAR EAST AMERICAN, INC. AND<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>        Plaintiffs,<br><br>     and<br><br>AMERICAN PACIFIC PLYWOOD, INC., AND<br>INTERGLOBAL FOREST, LLC,<br><br>        Consolidated Plaintiffs<br><br>     v.<br><br>UNITED STATES,<br><br>        Defendant | Consol. Ct No. 22-00213 |

## OPPOSITION TO DEFENDANT'S
## MOTION FOR VOLUNTARY REMAND

Plaintiffs Far East American, Inc. ("FEA") and Liberty Woods International, Inc. ("Liberty") (hereinafter, "Plaintiffs"), by and through their undersigned counsel, hereby oppose Defendant's Motion for a Voluntary Remand (Nov. 8, 2023) ("Def. Motion"), ECF No. 65.

**I.      Procedural History**

This case concerns the affirmative final determination in an evasion investigation pursuant to 19 U.S.C. § 1517(c), the Enforce and Protect Act ("EAPA"), Consolidated Investigation No. 7252 (hereinafter, "EAPA 7252") by U.S. Customs and Border Protection ("CBP") Trade Remedy & Law Enforcement Directorate ("TRLED") on January 28, 2022, and the administrative review decisions by CBP Office of Trade, Regulations & Rulings ("ORR")

1

dated June 6, 2022 and July 7, 2022 affirming TRLED's determination. Pls' Compl. ¶ 1, ECF No. 6.

CBP initiated EAPA 7252 on August 15, 2018, pursuant to Plywood Source's ("Alleger") EAPA allegations filed against Plaintiffs FEA and LWI and three other U.S. importers, alleging that the five targeted importers transshipped Chinese plywood subject to the AD and CVD Orders on Hardwood Plywood from China, (hereinafter, the *Plywood Orders*), through a Vietnamese company, Vietnam Finewood Company Limited ("Finewood"). *See* TRLED Det. at 2, note 6, **CR81; PR136**. For the next three months, TRLED conducted a secret investigation against Plaintiffs FEA and LWI and the other importers. On November 20, 2018, TRLED informed FEA, LWI, and the other importers that during its secret investigation, TRLED had developed a record giving rise to a "reasonable suspicion" of evasion of the *Plywood Orders*. *See* TRLED, EAPA Cons. Case No. 7252: Notice of Initiation of Investigation and Interim Measures (Nov. 20, 2018) at 6-7 ("NOI"), **CR17; PR38**. At various times from February 4, 2019 to February 25, 2019, CBP issued initial questionnaires to each of the targeted importers and to Finewood. *See* RAAAS - RFI Questionnaires to APPI, Ciel, Far East, InterGlobal, Liberty Woods, and Finewood, **CR 26-30; PR57-61 & 69.**

Between March 1, 2019 and May 3, 2019, FEA and LWI responded to initial and supplemental questionnaires from CBP, and Finewood responded to initial and five supplemental CBP requests for information. *See* FEA & LWI Motion for Judgment on the Agency Record at 9 (January 17, 2023), ECF No. 46-1 ("FEA LWI 56.2 Br."). Finewood also informed CBP in the first instance, in its initial questionnaire response dated March 22, 2019, that it sourced two-ply from China. Finewood Initial RFI Questionnaire Response at 15 (March 22, 2019)**, CR 51, PR87**. On May 15-17, 2019, several CBP officers visited Finewood in Vietnam to verify the

2

voluminous responses to CBP's requests for information on record and found no material discrepancies with respect to Finewood's import purchases, domestic purchases, production, and sales documents. *See* FEA LWI 56.2 Br. at 9 & 49.

CBP's final determination in EAPA Inv. 7252 was due on September 16, 2019. CBP was required to notify the alleger and targeted importers of its final decision within five business days, in this case, by September 23, 2019. *See* 19 U.S.C. §1517(c)(4). Instead, on September 25, 2019, CBP informed the parties, in vague terms, that it was unable to determine "whether certain merchandise shipped from manufacturer Finewood in Vietnam" to the U.S. importers is properly within the scope of the *Plywood Orders* and therefore was making a scope referral to Commerce. It was later revealed to the parties that CBP's referral was on Finewood's hardwood plywood incorporating two-ply. FEA LWI 56.2 Br. at 10-12 & 63-64.

On January 27, 2022, Commerce transmitted its final scope ruling to CBP, in which it found both the imported Chinese-origin two-ply and Finewood's finished hardwood plywood incorporating such two-ply within the scope of the *Plywood Orders*. Plaintiffs appealed Commerce's scope ruling in *Far East American, Inc., et al. v. United States*, Consol. Ct. No. 22-00049 ("*Far East*").

After receiving Commerce's scope ruling, CBP continued its EAPA 7252 investigation, and on January 28, 2022, it determined that the targeted importers in EAPA 7252, including Plaintiffs FEA and LWI, entered hardwood plywood subject to the *Plywood Orders* by means of evasion. *See* TRLED – Notice of Determination as to Evasion – (CONS 7252) (Jan. 28. 2022), **CR 81, PR 135**. Commerce's Scope Ruling was an essential element in TRLED's finding that Finewood sourced "plywood" from China. *Id.* at 8 (discussing the substantial role that "two-ply"

3

played in this investigation). On February 25, 2022, a week after filing the Complaint in *Far East American et al. v. United States,* Consol. Ct. No. 22-0049, Plaintiffs FEA and Liberty requested, and were denied, a stay of CBP's administrative review conducted by CBP's Office of Regulations and Rulings ("ORR"). *See* ORR – H323924 Final Administrative Determination – (CONS 7252) (June 6, 2022) at 10 & 19, **CR 94, PR 148**. In its final decision, ORR also relied heavily on Commerce's two-ply scope determination. *Id.* at 15-19 (finding that Commerce's scope determination is dispositive in determining whether the imports are "covered merchandise," and it is not within CBP's authority to disregard Commerce's scope ruling).

On July 20, 2022, Plaintiffs FEA and LWI timely commenced the instant suit against CBP. In their motion for judgment on the agency record dated January 13, 2023, Plaintiffs specifically requested that the Court incorporate its decision in *Far East*. *See* FEA LWI 56.2 Br. at 14-15. In addition, Plaintiffs challenged CBP's failure to serve or cause to be served on Plaintiffs numerous public documents or public versions of confidential documents placed on the administrative record from July 9, 2018 through November 20, 2018 and CBP's imposition of interim measures based on such documents. *Id.* at 17-37. Plaintiffs also challenged CBP's conduct of withholding confidential information throughout the investigation as a violation to Plaintiff's due process rights. *Id.* at 38-43.

In their motion, Plaintiffs also challenged CBP's evasion determination as not supported by substantial evidence, and otherwise arbitrary and capricious. Specifically, Plaintiffs argued that CBP's affirmative EAPA determination ignored substantial and verified record evidence that demonstrates Finewood also produced plywood in Vietnam without two-ply, i.e., by using a combination of Chinese single sheets of veneers, Vietnamese single sheets of veneers, and Vietnamese-origin core platforms (that are toll-processed from Finewood's two-ply and/or single

4

veneers, or purchased from local Vietnamese manufacturers using Vietnamese inputs). *Id.* at 55-60. Other record evidence, including expert statements and calculations on production capacity and Finewood's machinery purchase and payment records, also support only a finding of no evasion. *Id.* at 60-63. Moreover, contrary to CBP's finding, Finewood had sufficiently capacity to produce, and did produce, the finished hardwood plywood exported to the U.S., as demonstrated by the verified production records Finewood submitted and associated with each of its U.S. sales (by customer Purchase Orders). *Id.* at 47-50. Lastly, Plaintiffs contested CBP's finding that they did not exercise reasonable care and due diligence in importing hardwood plywood manufactured by Finewood and declaring Vietnam as the country of origin, *id.* 50-55, and that CBP's untimely scope referral was not harmless error, *id.* 63-66.

On April 20, 2023, the Court issued a decision finding Commerce's determination that Chinese-origin two-ply was subject to the *Plywood Orders* is not in accordance with the law, and therefore, the Court did not need to reach the substantial transformation issue over Finewood's finished hardwood plywood incorporating two-ply. *Far East I*, Slip Op. 23-58 at 10 & 31.

On May 12, 2023, the Government moved for a stay pending the final decision, including the expiry of any appeal deadline, or alternatively stay further briefing on issues concerning the number of plies that constitute covered merchandise until all remands and appeals for *Far East* were exhausted, and/or alternatively, extend the Government's deadline to file its response brief by 45 days. *See* Defendant's Renewed Motion to Stay Proceedings (May 12, 2023), ECF No. 48. Plaintiffs and Consolidated Plaintiffs filed a joint response opposing the stay. *See* Plaintiffs and Consolidated Plaintiffs' Oppositions to Defendant's Renewed Motion To Stay Proceedings (May 24, 2023), ECF No. 52. The Court held the ruling on the Government's motion to stay the instant litigation in abeyance, pending Commerce's remand redetermination in *Far East*, and extended

5

the deadline for the Government to file its response brief by 45 days, to July 31, 2023. Court's Order (May 25, 2023), ECF No. 53. Subsequently, the Court held a status conference on June 30, 2023, and modified the May 25, 2023 Order (EF No. 53) to extend the deadline for the Defendant to file its response brief to 30 days following the deadline to appeal the Court's final decision in *Far East*. Court's Order (June 30, 2023), ECF No. 57.

On August 22, 2023, in *Far East American, Inc., et al., v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-122 (Ct. Int'l Trade Aug. 22, 2023) (*Far East II*), the Court sustained Commerce's remand redetermination that Chinese-origin two-ply is not within the scope of the *Plywood Orders*, and the hardwood plywood produced by Finewood in Vietnam using Chinese two-ply and subsequently exported to the United States is not subject to the scope of the *Plywood Orders*. *Far East II*, Slip Op. 23-122 at 4-5. Following the expiry on the deadline to appeal *Far East II*, the Court entered an order denying the Government's renewed motion to stay proceedings as moot. Court's Order (Oct. 25, 2023), ECF No. 62.

On November 1, 2023, the Court held a status hearing, ECF No. 64, followed by the Government's Motion for a Voluntary Remand dated November 8, 2023, ECF No. 65 ("Def. Motion"). In its motion, the Government "without confessing error" requested a voluntary remand to reconsider "whether the plaintiffs imported 'covered merchandise' for purposes of 19 U.S.C. § 1517(a)(5), in light of this Court's decision in *Far East I and Far East II* {,}" and to "address the Federal Circuit's decision in *Royal Brush Manufacturing Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023)." Def. Motion at 6.

## II. Standard of Review

An agency "may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In such instance, "the reviewing court has discretion over whether to remand." *Id.* A remand is "usually appropriate" if the agency's articulated concerns are "substantial and legitimate," but a remand may be refused if the agency's request is "frivolous or in bad faith." *Id.*

"In between those relative extremes, the case law demonstrates that the trial court has substantial discretion depending on the timing of the government's motion, its representations regarding the reasons for a remand, the plaintiff's factual allegations viewed through the prism of the particular legal issues involved, and the overall fitness and completeness of the administrative record available for the Court's review." *Keltner v. United States*, 148 Fed. Cl. 552, 564 (2020). Indeed, "{r}econsideration must also occur within a reasonable time after the first decision, and notice of the agency's intent to reconsider must be given to the parties." *Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002) (citing *Dun & Bradstreet Corp. v. United States Postal Service*, 946 F.2d 189, 193 (2nd Cir. 1991); *Bookman v. United States*, 197 Ct. Cl. 108, 453 F.2d 1263, 1265 (1972)). "Thus, despite the tendency among courts to grant motions for remand, remand is not appropriate in all circumstances and the Court should only grant such a motion after serious consideration." *Trace Sys. v. United States*, No. 22-404 C, 2022 U.S. Claims LEXIS 1581 (Fed. Cl. July 26, 2022), citing *Rahman. v. United States*, 149 Fed. Cl 685, 690 (2020).

The Courts have found that the agency's concerns are substantial and legitimate when (1) it supports its request with a compelling justification, (2) the need for finality does not outweigh

7

the justification, and (3) the scope of the request is appropriate. *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United* States, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *Baroque Timber Indus. (Zhongshan) Co. v. United States*, 37 CIT 1123, 1127 (2013); *Keltner v. United States*, 148 Fed. Cl. at 564 (2020), (citing *Ad Hoc Shrimp Trade Action Comm. v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013)). Where a request for a voluntary remand is opposed, however, the Court will "grant a general remand only when there is a persuasive reason to do so{.}" *W.G.A. v. Sessions*, 900 F.3d 957 963 (7th Cir. 2018); *Tandap v. Barr*, 825 Fed. Appx. 391, 394 (7th Cir. 2020) (Denying the government's motion for a voluntary remand on challenged Board of Immigration Appeals' refusal to reopen a removal proceeding because "the Board already had before it everything necessary to issue this decision in the first instance."), citing *W.G.A.*, 900 F.3d at 963 and *Ren v. Gonzales*, 440 F.3d 446, 448 (7th Cir. 2006)).

### III. A Voluntary Remand Is Not Warranted In This Case.

The Government's motion for a voluntary remand in this case is inappropriate. As discussed further in detail, the Government has failed to show legitimate and substantial reasons for its request to reconsider the two-ply issue in light of *Far East I* and *Far East II* or to reconsider its final determination with respect to CBP's treatment of business confidential information in light of *Royal Brush CAFC*.

#### A. Commerce's Scope Decision

Plaintiffs agree with the Government that, in the now-final decision in *Far East I*, the Court held that the scope is unambiguous insofar as it "covers hardwood plywood and certain veneered panels that, for purposes of the underlying proceeding, and from the second scope

8

sentence onward, are collectively described as hardwood plywood 'consisting of two or more layers or plies of wood veneers and a core,' i.e., at least three plies." *Far East I*, Slip Op. 23-58 at 33-34. Plaintiffs also agree that "Commerce's scope determination was key to CBP's evasion determination." Def. Motion at 6. Plaintiffs disagree, however, that the Government is entitled to reconsider whether the entries at issue in the EAPA investigation in fact contain covered merchandise, *i.e.,* merchandise within the scope of *Plywood Orders*.

As an initial matter, Finewood maintained its production records based on purchased orders, and in the underlying investigation, Finewood submitted production records for each of its U.S. sales under review in EAPA 7252, along with transaction documents for each of those U.S. sales (i.e., invoice, packing list, bill of lading, payment slip). FEA & LWI 56.2 Br. at 47 (citing FW RFI Rsp. at Exhibit 1 (March 22, 2019)). In its first supplemental questionnaire response, Finewood explained exactly how its production documentation maintenance tracks its purchased materials, including Two-Ply, into production and how Finewood can differentiate its finished plywood that was completely self-produced, or that contains toll-processed core platforms, or that contains locally-sourced core platforms. *Id.* at 48 (citing FW 1st Supp. Rsp. at 1-3, Exhibits SQ1-1 & SQ1-2 (April 8, 2019)).

Extrapolating from the production records submitted in the initial response, Finewood prepared a summary table, at CBP's request, that clearly identified the U.S. shipments that incorporated Chinese two-ply. *Id.* at 48-49 (citing FW 2nd Supp. Rsp. at Exhibit SQ2-1 (April 9, 2019). "The remaining sales consisted of finished plywood that was produced {in Vietnam} with *either* Vietnamese veneers *or* Chinese single ply veneers." *Id.*

CBP's verification team reported that "{n}o discrepancies were noted during verification of original production and sales documents to those previously provided in VN Finewood's RFI responses." *Id.* at 49 (citing CBP Verif. Rpt. at 9). Plaintiffs note further that Commerce later used the same set of production documents to analyze the value-added criterion in its substantial transformation analysis. As such, there is no un-resolved factual issue regarding what materials were used in each of Finewood's shipments.

Plaintiffs now address the two categories of plywood produced by Finewood. First, with respect to the plywood exported to the U.S. that incorporated two-ply, the case "fit within the exception to the 'ordinary 'remand' rule' {because it involves} a legal question, as opposed to {} factual questions{.}" *Calle v. United States AG*, 504 F.3d 1324, 1330 (11th Cir. 2007)(citing *Hussain v. Gonzales*, 477 F.3d 153, 157 (4th Cir. 2007)). Indeed, for such plywood, the Court only need to decide on a legal question for which the outcome is dictated by the clear language of the EAPA Statute. Under 19 U.S.C. § 1517(a)(3), the term "covered merchandise" means merchandise that is subject to "(A) an antidumping duty order {,} or (B) a countervailing duty order{.}" The Government indeed conceded that "if the Court's decision in {*Far East I* } becomes final, a substantial amount of the merchandise at issue in this case cannot be legally construed as 'covered merchandise' within the meaning of 19 U.S.C. § 1517(a)(5)." Def. Renewed Motion for Stay at 5-6 (May 12, 2023) (ECF No. 48).

In *Columbia Aluminum Prods., LLC v. United States,* the CIT denied the government's motion to reconsider an affirmative EAPA determination in light of the Court's final decision reversing Commerce's scope determination to include certain door thresholds in the scope. *Columbia Aluminum Prods., LLC*, 609 F. Supp. 3d 1405 (Ct. Int'l Trade 2022). In that case, Commerce's scope proceeding was a separate proceeding, i.e., not an EAPA scope referral. *See*

*generally*, *id.*  Nonetheless, the Court refused a voluntary remand based on two reasons:

> First, this Court's decision in *Columbia IV* sustained a decision of Commerce excluding from the Orders door thresholds that are not themselves aluminum extrusions but instead are assemblies of various components, only one of which is an aluminum extrusion, that are fully and permanently assembled at the time of importation and that do not require cutting or fabrication prior to use. Columbia IV at 15-18. The submissions filed in this {EAPA} action to date do not indicate to the court that the door thresholds Columbia imported from Vietnam differ from that description as to physical characteristics.
>
> Second, the procedural posture of this case under USCIT Rule 56.2 calls for defendant now to have the opportunity to respond to the two motions for judgment on the agency record that are pending before the court and for Endura to respond to Columbia's Rule 56.2 motion. In their submissions, defendant and Endura will have the opportunity to address whether the entry of judgment in *Columbia IV* sustaining and effectuating the Third Remand Redetermination requires anything other than a ruling in favor of Columbia's Rule 56.2 motion and a denial of the motion of Endura. Defendant's second motion, Def.'s Partial Consent Mot. for Extension of Time to File Resp. Brs. (Feb. 4, 2020), ECF No. 58, informs the court that defendant is prepared to file these responses within 14 days of the court's ruling on its motion for a remand.

*Id.*, 609 F. Supp. 3d at 1411-12.  It is appropriate for the Court to do the same in the instant case.

Next, turning to the plywood exported to the U.S. that did not incorporate two-ply, Plaintiffs submit that CBP is likewise not entitled to a voluntary remand.  *See Sierra Club v. United States EPA,* 346 F.3d 955, 962-63 (9th Cir. 2003) (applying the "rare exception" rule to the ordinary remand rule where the agency analyzed the data and reports at issue in the first instance, "the record {} has been fully developed", and the Court "fail{ed} to see how further administrative proceedings would serve a useful purpose{.}")  In the proceeding before CBP ORR, Plaintiffs argued that Finewood's finished plywood manufactured without two-ply, i.e., the plywood that was produced from (i) Vietnamese inputs, and/or (ii) single sheets of veneer sourced from China, are not covered merchandise subject to the *Plywood Orders*.  FEA & LWI 56.2 Br. at 46.  Although CBP ORR's decision that Plaintiffs' argument was not supported by

11

record evidence was based on reasoning that perpetuates CBP's errors in interpreting record documents, *id.* at 47-50, CBP nonetheless was confronted with that very issue in the first instance. The Court of Federal Claims has faced a similar factual scenario where the government moved for a voluntary remand to "consider Piedmont's OCI allegations, document its analysis, and determine whether appropriate remedial measures should be taken", in *Piedmont Propulsion Sys., LLC v. United States*, No. 23-330 C, 2023 U.S. Claims LEXIS 926 (Fed. Cl., May 12, 2023). There, the court reasoned:

> But the Coast Guard has already at least once considered Plaintiff's OCI allegation and denied it. **While the denial letter does not address the OCI allegation in particular, much less articulate a basis for denying that an OCI exists, the Court has to presume that when Plaintiff brought an OCI allegation before the Coast Guard for agency-level review, the Coast Guard actually looked at it.** In short, the Coast Guard has already "consider[ed] Piedmont's OCI allegations" and "determine[d] . . . appropriate remedial measures should [not] be taken." Thus, this remand request appears to actually be a request to give the agency the opportunity to "document its analysis." Although the Court may need to give the Coast Guard the opportunity to reconsider and/or document its OCI analysis at some point after examining the OCI issue on the merits, given the seven other grounds for protest and the fact that the Court can order a remand at a later date, {voluntary} remand is not warranted at this juncture.

*Piedmont Propulsion Sys., LLC*., 2023 U.S. Claims LEXIS 926. (emphasis added).

In this case, not only did CBP consider the issue below, Plaintiffs fully briefed the issue in their moving brief before the Court. CBP must answer for its affirmative finding with respect to that plywood, and there is no reason to delay this further. *See* FEA & LWI 56.2 Br. at 46-50 (discussing how Finewood's accounting system was organized by purchase and production order so it could trace, report and verify exactly which products sold in which shipments to which importers consumed what inputs). The Court should order CBP to either confess judgment or respond to Plaintiffs' arguments in their brief, so that the Court can adjudicate CBP's

12

determination on the merits. *Tandap*, 825 Fed. Appx. at 394-95 ("Our review of the Board's decision does not undermine its broad discretion in handling motions to reopen {a removal proceedings}, but directs the Board to errors it should avoid on remand.")(citing *W.G.A.*, 900 F.3d at 968-69; *Boika v. Holder*, 727 F.3d 735, 741 (7th Cir. 2013)).

In conclusion, for the Finewood shipments that incorporated two-ply, the Court should deny CBP's remand request based on *Far East I* and *Far East II* because it is a pure legal issue of what constitutes "covered merchandise" under the EAPA Statute. CBP must follow Commerce's Remand Redetermination which was sustained by this Court. For the Finewood shipments that did not incorporate two-ply, the Court should deny remand without confessing error because CBP "already had before it everything necessary to issue this decision in the first instance." *Tandap*, 825 Fed. Appx. at 394.

### B. CAFC Decision in *Royal Brush*

The Court should likewise reject the request for remand in light of the Federal Circuit's decision in *Royal Brush* concerning the treatment of confidential information. Def. Motion at 7-8. The Government concedes that the Federal Circuit in *Royal Brush* held that "there is no legitimate government interest {} in refusing to provide confidential business information {} when all government concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" Def. Motion at 8-9; *Royal Brush CAFC*, 75 F.4th at 1259. However, it provides no substantive legal analysis regarding why its remand request is "substantial and legitimate" under the *Shakeproof Assembly* three-part test, other than stating that Plaintiffs have raised arguments in their brief "that give CBP a substantial and legitimate concern to reconsider its position in the final decision." *See* Def. Motion at 9. Further, granting the voluntary remand

13

is inappropriate due to the exorbitant time passed, during which time CBP continued to impose the so-called "Interim Measures," which has effectively driven Finewood out of business.

The Government's justification for a voluntary remand fell short of being "compelling" as the applicability of *Royal Brush CAFC* is seriously in doubt. As discussed above, it is Plaintiffs' position that (1) Finewood's shipments incorporating two-ply can no longer be legally construed as "covered merchandise" under the law, and (2) for Finewood's shipment not incorporating two-ply, verified record evidence only supports a finding of no evasion. The government can either confess judgement now or proceed with briefing. Either way, it is likely that the Court can issue a decision without reaching the issue concerning CBP's treatment of business confidential information.

Moreover, allowing CBP to reconsider its final determination in light of *Royal Brush CAFC* does not "cure the very legal defects" asserted by Plaintiffs here. Def. Motion at 9 (citing *Citizens Against the Pellissippi Parkway*, 375 F.3d at 416 and *Baroque Timber*, 925 F. Supp. 2d at 1339). In this case, all parties have had access to the business confidential information on the underlying administrative record through a Judicial Protective Order ("JPO"). To be sure, providing parties access to confidential information under a JPO in no way "cures" CBP's due process violations committed *during* the EAPA investigation, but neither does a voluntary remand. Instead, as Plaintiffs have argued, because the EAPA statute does not provide for the Court's de novo review, the only "cure" to the legal defect is for the Court to "declare CBP's enforcement measures and conduct of EAPA Inv. 7321 [sic] to be null and void for failure to provide Plaintiffs the opportunity, through legal counsel, to be informed of, consider, and defend against the confidential portions of the administrative record that CBP

used against Plaintiffs in the underlying EAPA investigation *as it unfolded*." FEA & LWI 56.2 Br. at 43. (emphasis in original).

Indeed, the real harm committed by CBP was in depriving the target of the investigation of the confidential information in the allegation and throughout the proceeding. It is difficult to see how merely pasting a volume of previously withheld information on the record at the end of the investigation on remand would cure the due process violations.

"An agency's inherent authority to reconsider its decision is not unlimited{,}" and it "must occur within a reasonable time after the first decision {.}" *Macktal*, 286 F. 3d at 826. "what is a short and reasonable time period will vary with each case, but absent unusual circumstances, the time period would be measured in weeks, not years." *Belville Mining Co. v. United States*, 999 F.2d 989, 1000 (6th Cir. 1993) (quoting *Gratehouse v. United States*, 206 Ct. Cl. 288, 512 F.2d 1104, 1109 (Ct. Cl. 1975)). In this case, CBP decided to impose interim measures on November 20, 2018. That is almost five (5) years from the date that the Government requested a voluntary remand. This timeframe in no way can be characterized as a "short and reasonable time period."

Critically, this extended period of time has permanently prejudiced Plaintiffs. As the Court is aware, Finewood, the entity that was in possession of all critical records to demonstrate its sourcing of inputs locally and from China, and demonstrate its production in Vietnam, has been driven out of business. Plaintiffs believe there is a very limited amount of information, if any, that they can extract from a now-dissolved company in a remand proceeding. *See Keltner*, 148 Fed. Cl. at 564 (Taking into consideration the "overall fitness and completeness of the administrative record available for the Court's review" in its decision denying a motion for voluntary remand.). Therefore, allowing CBP a second chance to decide EAPA 7252 will

15

significantly prejudice Plaintiffs and also delay the progress of this litigation and heap additional litigation burdens on Plaintiffs.

## IV. Conclusion

Because the Government's motion for a voluntary remand fails to raise substantial and legitimate issues meriting remand, Plaintiffs request that the Court exercise its discretion and deny the Government's motion and resume briefing.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
J. Kevin Horgan
Vivien J. Wang*
**deKieffer & Horgan, PLLC**
Suite 1101
1156 Fifteenth Street, N.W.
Washington DC 20005
Tel: (202) 783-6900
Email: gmenegaz@dhlaw.com
*Counsel for Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.*

* Admitted to New Mexico Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).

# Word Count Certificate of Compliance

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief contains **4,612** words.  This certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz
**deKieffer & Horgan, PLLC**
Suite 410
1090 Vermont Ave., N.W.  20005
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  gmenegaz@dhlaw.com
*Counsel to Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>          Plaintiffs,<br><br>    and<br><br>AMERICAN PACIFIC PLYWOOD, INC., AND<br>INTERGLOBAL FOREST, LLC,<br><br>          Consolidated Plaintiffs<br>    v.<br><br>UNITED STATES,<br><br>          Defendant | Consol. Ct No. 22-00213 |

**ORDER**

Upon consideration of Defendant's motion for a voluntary remand and Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.'s opposition to Defendant's motion and all other papers and proceedings had herein, it is hereby

**ORDERED** that Defendant's motion is DENIED, and it is further

**ORDERED** that Defendant shall file its response brief to Plaintiffs' and Consolidated Plaintiff's Rule 56.2 motions for judgment upon the agency record no later than 30 days after the Court issued this Order.

    **SO ORDERED.**

Dated: _____            _____
      New York, New York                                              Mark A. Barnett, Chief Judge