Slip Op. 23-176

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAR EAST AMERICAN, INC. AND LIBERTY WOODS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> and <br><br> AMERICAN PACIFIC PLYWOOD, INC. AND INTERGLOBAL FOREST LLC, <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Mark A. Barnett, Chief Judge <br> Consol. Court No. 22-00213 |

## OPINION AND ORDER

[Granting in part Defendant's motion for a voluntary remand for U.S. Customs and Border Protection to reconsider an evasion determination; denying in part Defendant's motion with respect to amending the judicial protective order.]

Dated: December 14, 2023

Gregory S. Menegaz, Alexandra H. Salzman, J. Kevin Horgan, and Vivien J. Wang, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiffs Far East American, Inc. and Liberty Woods International, Inc.

Frederic D. Van Arnam, Jr., and Ashley J. Bodden, Barnes, Richardson & Colburn, LLP, of Washington, DC, for Consolidated Plaintiff American Pacific Plywood, Inc.

Thomas H. Cadden, Cadden & Fuller LLP, of Irvine, CA, for Consolidated Plaintiff InterGlobal Forest LLC.

Elizabeth A. Speck, Senior Trial Counsel, and Evan Wisser, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With them on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant

Director.  Of counsel on the brief was Jennifer L. Petelle, Attorney, Office of the Chief Counsel, U.S. Customs and Border Protection, of Washington, DC.

　　　Barnett, Chief Judge:  This consolidated case concerns U.S. Customs and Border Protection's ("CBP") final affirmative determination of evasion pursuant to the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517.  See, e.g., Compl. ¶ 1, ECF No. 6.[1]  Before the court is Defendant United States' ("the Government") motion for a remand for CBP to reconsider or further explain its evasion determination in light of the finality of *Far East American, Inc. v. United States*, 47 CIT __, 654 F. Supp. 3d 1308 (2023), and of the U.S. Court of Appeals for the Federal Circuit's ("Federal Circuit") opinion in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) ("*Royal Brush CAFC*").  Def.'s Mot. for a Voluntary Remand ("Def.'s Mot."), ECF No. 65.  Plaintiffs[2] and Consolidated Plaintiffs[3] (collectively referred to as "Plaintiffs") oppose the motion.  Am. Pac. Plywood, Inc.'s Opp'n to Def.'s Mot. for a Voluntary

---

[1] Pursuant to 19 U.S.C. § 1517(c) and (f), CBP issued an initial determination and a *de novo* administrative review.  Those determinations are contained in the public and confidential administrative records filed with the court.  See Public Admin. R. ("PR"), ECF Nos. 21-1 through 21-7; Confid. Admin. R. ("CR"), ECF Nos. 22-1 through 22-55; *see also* Notice of Determination as to Evasion (Jan. 28, 2022) ("Initial Determination"), CR 81, PR 136, ECF No. 22-35; Letter to Counsel from CBP Re: Enforce and Protect Act ("EAPA") Consol. Case Number 7252 (June 6, 2022) ("Admin. Review"), CR 94, PR 148, ECF No. 22-55; Suppl. Letter to Counsel from CBP Re: Enforce and Protect Act ("EAPA") Consol. Case Number 7252 (July 6, 2022) ("Suppl. Admin. Review"), CR 95, PR 151, ECF No. 22-55 (supplemental administrative review in response to an importer's request inadvertently overlooked by CBP).  The court references the confidential versions of CBP's determinations.

[2] Plaintiffs consist of importers Far East American, Inc. ("FEA") and Liberty Woods International, Inc. ("LBW").

[3] Consolidated Plaintiffs consist of American Pacific Plywood, Inc. ("APPI") and Interglobal Forest LLC ("IGF").

Remand ("APPI's Opp'n"), ECF No. 66; Consol. Pl. Interglobal Forest LLC's Opp'n to Def. United States' Mot. for a Voluntary Remand ("IGF's Opp'n"), ECF No. 67; Opp'n to Def.'s Mot. for Voluntary Remand ("FEA & LBW's Opp'n"), ECF No. 68.

For the reasons discussed herein, the court grants in part the Government's motion with respect to CBP's reconsideration of its evasion determination consistent with this opinion but denies the Government's motion insofar as it additionally requests the court to amend the judicial protective order to govern remand proceedings.

## BACKGROUND

On August 15, 2018, CBP's Trade Remedy Law Enforcement Directorate initiated an EAPA investigation in response to an allegation filed in July 2018 by Plywood Source, LLC ("Plywood Source"). Initial Determination at 2. Plywood Source alleged that several importers (Plaintiffs herein) were evading the antidumping ("AD") and countervailing duty ("CVD") orders on hardwood plywood from China. *Id*.[4] In

---

[4] On January 4, 2018, Commerce issued AD and CVD orders on certain hardwood plywood products from China. *Certain Hardwood Plywood Prods. From the People's Republic of China*, 83 Fed. Reg. 504 (Dep't Commerce Jan. 4, 2018) (am. final determination of sales at less than fair value, and antidumping duty order) ("*AD Order*"); *Certain Hardwood Plywood Prods. From the People's Republic of China*, 83 Fed. Reg. 513 (Dep't Commerce Jan. 4, 2018) (countervailing duty order) ("*CVD Order*") (together, "the *AD/CVD Orders*"). The merchandise subject to the AD/CVD Orders is described, inter alia, as:
> hardwood and decorative plywood, and certain veneered panels . . . . For purposes of this proceeding, hardwood and decorative plywood is defined as a generally flat, multilayered plywood or other veneered panel, consisting of two or more layers or plies of wood veneers and a core, with the face and/or back veneer made of non-coniferous wood (hardwood) or bamboo.

*AD Order*, 83 Fed. Reg. at 512; *CVD Order*, 83 Fed. Reg. at 515.

February and April 2019, CBP issued requests for information to Plaintiffs and the producer of the subject imports, Vietnam Finewood Company Limited ("Finewood"). *Id.* at 4 & n.18. In May 2019, CBP conducted onsite verification at Finewood's facility in Vietnam. *Id.* at 4 & n.20. Plaintiffs submitted written arguments in August 2019. *Id.* at 4 & n.21. Plywood Source did not further participate. *See id.*

CBP generally must issue its determination "not later than 300 calendar days after the date on which" CBP initiated the investigation. 19 U.S.C. § 1517(c)(1)(A). CBP may, however, extend this period by "not more than 60 calendar days" if CBP determines that "the investigation is extraordinarily complicated" and "additional time is necessary." *Id.* § 1517(c)(1)(B). The statutory 360-day period for the completion of the investigation would have ended on September 16, 2019. Confid. [FEA & LBW's] Rule 56.2 Mem. in Supp. of Mot. for J. Upon the Agency R. at 64, ECF No. 46-1.[5] Instead of issuing a determination, on that day, CBP submitted a covered merchandise referral to the U.S. Department of Commerce ("Commerce") pursuant to its authority under 19 U.S.C. § 1517(b)(4)(A). Initial Determination at 4–5. CBP explained that it "could not determine whether two-ply panels of Chinese origin, which are further processed in Vietnam to include the face and back veneers of non-coniferous wood, are covered by the scope of the [*AD/CVD Orders*]." *Id.*

---

[5] This time period accounts for the U.S. Government shutdown that tolled the deadline for 37 days. *Viet. Finewood Co. v. United States*, 45 CIT __, __ & n.4, 466 F. Supp. 3d 1273, 1279 & n.4 (2020) (noting the timeframe when dismissing for lack of subject matter jurisdiction the plaintiffs' challenge to CBP's allegedly untimely covered merchandise referral).

On January 27, 2022, Commerce answered the question posed by CBP's covered merchandise referral in the affirmative. *See id.* at 5. Specifically, Commerce concluded that "two-ply panels are 'veneered panels' covered by the scope of the [*AD/CVD Orders*]" and that the hardwood plywood exported by Finewood was not substantially transformed in Vietnam and remained a product of China. *Id.* Armed with that information, on January 28, 2022, CBP issued an affirmative evasion determination. *See id.* at 9.

In response to Plaintiffs' request for *de novo* administrative review of the Initial Determination, CBP's Office of Regulations and Rulings affirmed its initial determination. Admin. Review at 28; *see also* Suppl. Admin. Review at 10. CBP explained that record evidence demonstrates that "Finewood did not have the production capacity to fulfill its sales orders; but instead, in addition to Vietnamese raw materials, it purchased and imported materials, including two-ply panels and single veneer sheets, from a Chinese supplier, which it subsequently sent to 'tollers' in Vietnam, to produce its finished hardwood plywood." Admin. Review at 16. CBP also affirmed its decision to obtain Commerce's clarification as to whether Finewood's two-ply panels imported from China were within the scope of the *AD/CVD Orders*. *See id.* at 17. CBP concluded that substantial evidence supported a finding that Finewood consumed "Chinese-origin two-ply in its hardwood plywood operations," *id.* at 20; the record did not allow CBP "to determine which, if any, of the [Plaintiffs'] entries did not contain Chinese-origin covered materials," *id.* at 25; and that because "Finewood sourced two-ply panels, cores, and veneers from China to use in the production of its

Consol. Court No. 22-00213                                                                                              Page 6

finished hardwood," substantial evidence supported a finding that the subject entries "were made through false statements" when Plaintiffs failed to declare the entries as subject to the *AD/CVD Orders*, *id.* at 25–26.

Litigation ensued in parallel concerning both CBP's evasion determination and Commerce's scope ruling. However, in *Far East American*, the court sustained Commerce's determination on remand to reverse its original scope ruling and find that the scope of the *AD/CVD Orders* do not include two-ply panels. 654 F. Supp. 3d at 1310–11. No party appealed that decision, and it is now final. Accordingly, as a matter of law, the two-ply panels that Finewood imported from China into Vietnam to use in its hardwood plywood production are not covered merchandise.

Separately, in *Royal Brush CAFC*, and as relevant here, the Federal Circuit concluded that the absence of a statute or regulation authorizing CBP to establish a procedure concerning the issuance of administrative protective orders for purposes of providing the subject of an EAPA investigation with business proprietary information did not mean that such disclosure was barred by the Trade Secrets Act, 18 U.S.C. § 1905, when the "release of information is 'authorized by law' within the meaning of the Trade Secrets Act if that release is required as a matter of constitutional due process." 75 F.4th at 1260. *Royal Brush CAFC* indicates that CBP has inherent authority to fashion an administrative protective order for purposes of sharing confidential information with the importers subject to an EAPA investigation *during* the investigation. 75 F.4th at 1260–61 ("[B]ecause CBP has the inherent authority to issue protective orders,

confidential business information released to [the importer] can be protected from public disclosure . . . .").

Meanwhile, in this case, Plaintiffs filed their Rule 56.2 motions for judgment on the agency record. Confid. Rule 56.2 Mot. for J. on the Agency R. on Behalf of Consol. Pl. [APPI], ECF No. 42; Confid. Consol. Pl.'s Mot. for J. on the Agency R., ECF No. 44; Confid. Pls.' Mot. for J. on the Agency R., ECF No. 46. The Government requested, and obtained, several extensions of the deadline to respond to those motions, based primarily on the court's resolution of *Far East American*. *See* Orders (May 25, 2023; June 30, 2023), ECF Nos. 53, 57.[6] Based on a recent status conference, the court permitted the Government to file the instant motion for a voluntary remand in lieu of its response. Status Conf., ECF No. 64 (recording on file with the court).

## LEGAL STANDARD

When an agency determination is challenged in the courts, the agency may "request a remand (without confessing error) in order to reconsider its previous position" and "the reviewing court has discretion over whether to remand." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (citations omitted). An agency may

---

[6] In various filings seeking either a stay in this litigation or, in the alternative, an extension of time, the Government represented that Commerce's covered merchandise "determination is 'potentially dispositive' of the instant case," Joint Mot. to Stay Proceedings at 4, ECF No. 29, and that the determination "accounts for CBP's finding with respect to one of the key elements of evasion – whether plaintiffs imported 'covered merchandise,'" such that finality of *Far East American* would mean that "a substantial amount of the merchandise at issue in this case cannot legally be construed as 'covered merchandise,'" Def.'s Renewed Mot. to Stay Proceedings and, in the Alternative, Mot. for an Extension of Time at 5–6, ECF No. 48.

also request a remand based on "intervening events outside of the agency's control, for example, a new legal decision." *Id.* at 1028. Remand is appropriate "if the agency's concern is substantial and legitimate," but "may be refused if the agency's request is frivolous or in bad faith." *Id.* at 1029. "A concern is substantial and legitimate when (1) [the agency] has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co. v. United States*, 38 CIT __, __, 6 F. Supp. 3d 1358, 1361 (2014) (citations omitted).

## DISCUSSION

### I.     Parties' Contentions

The Government contends that remand is merited for CBP "to evaluate whether the entries at issue in the EAPA investigation in fact contain covered merchandise, . . . which may require CBP to reassess its final determination of evasion." Def.'s Mot. at 6. According to the Government, CBP's analysis on remand may obviate the need for the court to examine arguments relevant to the covered merchandise criterion and may, therefore, expedite Plaintiffs' relief. *Id.* at 6–7. The Government also contends that a "limited voluntary remand" is merited in light of *Royal Brush CAFC* to address "potential concerns with how it treated confidential information during the underlying review, and how that may have limited [P]laintiffs in responding to the alleger's transshipment allegations." *Id.* at 9.

Plaintiffs contend that the Government has not demonstrated a substantial and legitimate need for a remand. Specifically, APPI asserts that *Far East American*

undermines the basis for CBP's covered merchandise finding and obviates any need for CBP to address arguments concerning CBP's inability to separate purportedly covered merchandise from non-covered merchandise in the investigation. APPI's Opp'n at 5–7. APPI further asserts that, given the lengthy proceedings to date, CBP "has had more than ample time to discuss internally and with its counsel whether it can continue to defend the record or whether confessing judgment is the appropriate option." *Id.* at 7. APPI also contends that any reconsideration pursuant to *Royal Brush CAFC* should occur, if necessary, on remand following the court's review of Plaintiffs' additional claims. *Id.* at 9.

IGF advances similar arguments. IGF's Opp'n at 4–6. IGF also contends that the disclosure of certain confidential information in the form of video evidence is unnecessary given CBP's lack of reliance on that evidence. *Id.* at 7–8.

FEA and LBW likewise contend that CBP is not "entitled to reconsider whether the entries at issue . . . contain covered merchandise." FEA & LBW's Opp'n at 9. They contend that CBP verified the factual information placed on the record by Finewood and a remand is unnecessary to decide whether entries incorporating Chinese two-ply constitute covered merchandise. *Id.* at 10–11. FEA and LBW additionally contend that, for entries that did not incorporate Chinese two-ply, CBP has addressed this issue and should either "confess judgment or respond to Plaintiffs' arguments in their [response] brief." *Id.* at 12. Lastly, FEA and LBW contend that remand is not needed to address *Royal Brush CAFC*. *Id.* at 13. They assert that the passage of time disfavors a remand because the Government's request comes almost five years after CBP imposed interim

measures on the Plaintiffs; the exporter is no longer in business; and providing CBP with a "second chance" to issue a determination as to evasion would "significantly prejudice Plaintiffs." *Id.* at 15–16.

## II. Analysis

"When, as here, the court is tasked with reviewing a decision based on an agency record, and that record does not support the contested decision, the court must remand for further proceedings." *Royal Brush Mfg., Inc. v. United States*, 44 CIT __, __, 483 F. Supp. 3d 1294, 1304 (2020) (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). "A voluntary remand gives the agency 'an opportunity to correct its own mistakes[.]'" *Ellwood City Forge Co. v. United States*, Slip Op. 23-110, 2023 WL 4703309, at *4 (CIT July 24, 2023) (alteration in original) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) (granting a voluntary remand).

The record before the court in this case indicates that CBP's evasion determination relied on Commerce's affirmative answer to the question whether the scope of the *AD/CVD Orders* covers two-ply panels, *see* Initial Determination at 9; Admin. Review at 28, but that answer has since been determined to be incorrect, *see Far East Am.*, 654 F. Supp. 3d at 1310. It is therefore appropriate for CBP to take account of Commerce's revised covered merchandise determination in the first instance. Accordingly, the court will grant the Government's motion for CBP to reconsider its covered merchandise determination.

The court will also grant the Government's motion for CBP to reconsider its determination consistent with the requirement to share confidential information in light of

*Royal Brush CAFC*. However, compliance with *Royal Brush CAFC* is necessary only to the extent that Commerce's negative covered merchandise determination is not determinative based on the record before CBP.

The Government requests the court to enter an amended judicial protective order if the court grants its request for a voluntary remand. Def.'s Mot. at 10. While the court previously entered a judicial protective order for purposes of allowing the sharing of confidential information during litigation, *see* Protective Order, ECF No. 20, the Government seeks to amend that protective order so that it "shall also govern any remand proceedings before [CBP] resulting from this action," Def.'s Mot., Attach. 1 at 2 ¶ 2. The Government relies, in part, on a case in which, post-*Royal Brush CAFC*, the court entered an amended protective order to govern remand proceedings. *See id.* at 10 (citing, *inter alia*, *Newtrend USA Co. v. United States*, Court No. 22-cv-00347 (CIT)).[7] Amendment of the judicial protective order appears unnecessary, however, "because CBP has the inherent authority to issue [its own] protective order[]" for purposes of the remand proceeding. *Royal Brush CAFC*, 75 F.4th at 1260–62. Thus, the court will deny the Government's request. The court will do so without prejudice in the event circumstances require the Government to resubmit the request with additional support for its necessity.

---

[7] The Government also cites to *Ad Hoc Shrimp Trade Enforcement Committee v. United States*, Court No. 21-cv-00129 (CIT), Def.'s Mot. at 10, but in that case, the court entered an amended protective order to govern remand proceedings prior to the Federal Circuit's decision in *Royal Brush CAFC*, *see* Am. Protective Order, *Ad Hoc Shrimp Trade Enf't Comm. v. United States*, Court No. 21-cv-00129 (CIT June 9, 2022), ECF No. 63.

## CONCLUSION AND ORDER

For the reasons discussed herein, it is hereby

**ORDERED** that the Government's motion for a voluntary remand (ECF No. 65) is **GRANTED IN PART**; it is further

**ORDERED** that CBP's evasion determination is remanded for CBP to reconsider its covered merchandise determination consistent with *Far East American, Inc. v. United States*, 47 CIT __, 654 F. Supp. 3d 1308 (2023), and, as necessary, *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023); it is further

**ORDERED** that CBP shall file its remand redetermination on or before March 1, 2024; it is further

**ORDERED** that, within 10 days of the filing of CBP's remand redetermination, the parties must file a joint status report including proposed deadlines for post-remand briefing, if any; it is further

**ORDERED** that, within 14 days of the date of filing of CBP's remand redetermination, CBP must file an index and copies of new administrative record documents, if any; it is further

**ORDERED** that the Government's motion for a voluntary remand (ECF No. 65) is **DENIED IN PART** without prejudice with respect to the Government's request for an amended judicial protective order; and it is further

Consol. Court No. 22-00213 Page 13

**ORDERED** that briefing on Plaintiffs' Rule 56.2 motions is stayed pending resolution of CBP's remand redetermination.

/s/   Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: December 14, 2023
New York, New York