UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| FAR EAST AMERICAN, INC. AND<br>LIBERTY WOODS INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>and<br><br>AMERICAN PACIFIC PLYWOOD, INC. AND<br>INTERGLOBAL FOREST, LLC,<br><br>Consolidated-Plaintiffs<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Consol. Court No. 22-00213 |

# **DECLARATION OF PATRICIA TRAN**

Patricia Tran declares and says:

1. I am an International Trade Analyst (ITA) in the Office of Trade, Trade Remedy Law Enforcement Directorate (TRLED), Enforcement and Operations Division (EOD), at U.S. Customs and Border Protection (CBP). I have been employed by CBP since June 2019, and I have held my current position since June 2019.

2. Attached is an index of documents that constitute the administrative record of the remand proceeding performed pursuant to the remand order of the Court issued in this case on December 14, 2023. The index identifies public documents that contain a complete list of the documents comprising the Administrative Remand Record in this matter.

3. I affirm, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on the 18th day of March 2024.

/s/ 

Patricia Tran
International Trade Analyst
Office of Trade
Trade Remedy Law Enforcement Directorate
Enforcement and Operations Division
U.S. Customs and Border Protection

FAR EAST AMERICAN, INC., et al. v. UNITED STATES, COURT NO. 22-00213
INDEX OF ADMINISTRATIVE REMAND RECORD – PUBLIC DOCUMENTS

| Document Number | Date of Document | File Name | Version |
|---|---|---|---|
| 1 | 02/29/2024 | Far East American Remand Redetermination – (7252) – PD | Public Document |

Public Document No. 1

# REMAND REDETERMINATION
*Far East American, Inc., et al. v. United States*
Consol. Court No. 22-00213 (Court of International Trade December 14, 2023)
EAPA Consolidated Case No. 7252

**I.**  **SUMMARY**

U.S. Customs and Border Protection (CBP) has prepared this remand redetermination pursuant to the remand order, dated October 14, 2023, issued by the U.S. Court of International Trade (the Court) in *Far East American, Inc., et al. v. United States*, Consolidated Court No. 22-00213 (hereinafter, the Remand Order).[1] This remand concerns CBP's determination[2] under the Enforce and Protect Act of 2015 (EAPA), that four importers, Far East American, Inc., Liberty Woods International, Inc., American Pacific Plywood, Inc., and InterGlobal Forest LLC (collectively, the Importers or Plaintiffs),[3] evaded the antidumping (AD) and countervailing duty (CVD) orders (collectively, the Orders) on certain hardwood plywood products[4] (hardwood

---

[1] *See* Opinion and Order, *Far East Am., Inc., et al. v. United States*, No. 22-00213, (Ct. Int'l Trade Dec. 14, 2023), ECF No. 69 (Remand Order).
[2] *See* Notice of Determination as to Evasion in EAPA Consolidated (Consol.) Case Number (No.) 7252 (Jan. 28, 2022) (Public (Pub.) Document (Doc.) No. 136 and Business Confidential (BC) Doc. No. 81) (Determination); *see also* Administrative Review Decision (June 6, 2022) (Pub. Doc. No. 148 and BC Doc. No. 94) (Admin. Review) and Final Administrative Supplemental Decision (July 6, 2022) (Supp. Admin. Review) (Pub. Doc. No.151 and BC Doc. No. 95) (collectively, Administrative Review Decisions).
[3] EAPA Consolidated (Consol.) Case Number (No.) 7252 involved five importers; however, only four of those importers – Far East American, Inc. (Far East), Liberty Woods International, Inc. (Liberty), American Pacific Plywood, Inc. (APPI), and InterGlobal Forest, LLC (IGF) – filed a complaint in the Court of International Trade. *See* Complaint, *Far East Am., Inc. and Liberty Woods Int'l, Inc. v. United States*, No. 22-00213 (Ct. of Int'l Trade July 20, 2022), ECF No. 6 (Far East Complaint); *see also* Complaint, *Am. Pac. Plywood, Inc*., No. 22-00214 (Ct. Int'l Trade July 20, 2022), ECF No. 5 (APPI Complaint); *see also* Complaint, *InterGlobal Forest, LLC v. United States*, No. 22-00240 (Ct. Int'l Trade Aug. 17, 2022), ECF No. 2 (IGF Complaint) (collectively, the Complaints). Case Nos. 22-00213 and 22-00214 were consolidated on August 9, 2022. *See* Order, *Far East Am., Inc., et al v. United States*, No. 22-00213, (Ct. Int'l Trade Aug. 9, 2022), ECF No. 12. Case No. 22-00240 was consolidated under Consol. Case No. 22-00213 on August 24, 2022. *See* Paperless Order, *Far East Am., Inc., et al v. United States*, No. 22-00213, (Ct. Int'l Trade Aug. 24, 2022), ECF No. 19.
[4] *See* Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order, 83 Fed. Reg. 504 (Dep't Commerce, Jan. 4, 2018); *see also* Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order, 83 Fed. Reg. 513 (Dep't Commerce, Jan. 14, 2018).

plywood) from the People's Republic of China (China). The Court granted the Government's motion for voluntary remand for CBP first, to reconsider its determination that the products imported into the United States by Plaintiffs constituted covered merchandise, consistent with the Court's opinion in *Far East American, Inc. v. United States* (*Far East Scope Opinion*),[5] and, second, to reconsider or further explain its determination of evasion, as necessary, in light of the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decision in *Royal Brush Mfg. v. United States* (*Royal Brush*)[6] relative to the treatment of confidential information.[7]

As explained below, after reviewing the information placed on the administrative record during the investigation as well as the Court's holding in *Far East Scope Opinion*, CBP reverses its determination of evasion because the hardwood plywood products entered by the Importers are not covered merchandise within the meaning of EAPA.[8] Given this conclusion, CBP finds it unnecessary to reconsider its original determination of evasion in light of the *Royal Brush* decision regarding access to business confidential information.

II.     BACKGROUND

On January 28, 2022, following an investigation under EAPA, CBP issued an affirmative determination of evasion, finding that Far East, Liberty, APPI, and IGF imported covered merchandise into the customs territory of the United States through evasion.[9] Based on the substantial evidence on the record, CBP found that Far East, Liberty, APPI, and IGF each imported merchandise subject to the Orders by transshipping the hardwood plywood through

---

[5] *Far East Am., Inc., et al. v. United States*, 654 F. Supp. 3d 1308 (Ct. Int'l Trade 2023).
[6] *See Royal Brush Mfg. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023). The Court of Appeals for the Federal Circuit issued its opinion in *Royal Brush* on July 27, 2023, after the instant matter was already before the Court, and held that there "is no legitimate government interest {} in refusing to provide confidential business information... when any concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" *Id*. at 1259.
[7] Remand Order at 12. In granting the Government's motion for voluntary remand, the Court denied, in part, without prejudice, the Government's request for an amended judicial protective order. *Id*.
[8] 19 U.S.C. § 1517.
[9] *See* Determination.

2

Vietnam to the United States and falsely declared Vietnam as the country of origin of the merchandise, thereby failing to pay the applicable cash deposits.[10] The Regulations and Rulings Directorate (R&R) affirmed this determination of evasion in its Administrative Review Decisions.[11]

In finding evasion, CBP relied on the results of a Covered Merchandise Referral it received from the Department of Commerce (DOC) (hereinafter, Referral Results) pursuant to 19 U.S.C. § 1517(b)(4).[12] DOC issued a final scope ruling whereby it determined that "two-ply panels are covered by the scope of the {AD} and {CVD} orders on certain hardwood plywood products (hardwood plywood)" from China.[13] DOC also determined that "the hardwood plywood {that Vietnam} Finewood Company Limited (Finewood) exported to the United States, which was assembled in the Socialist Republic of Vietnam (Vietnam) using two-ply panels imported from China, are Chinese country of origin because the two-ply panels are not substantially transformed by the processing occurring in Vietnam."[14]

The Importers sought judicial review of CBP's determination of evasion as well as judicial review of DOC's Referral Results.

In challenging CBP's determination of evasion, and as relevant for purposes of this remand, the Importers argued that CBP's determination was not based on substantial evidence, and, therefore, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance

---

[10] *Id*.
[11] *See generally,* Administrative Review Decisions.
[12] Covered Merchandise Referral Regarding EAPA Investigation No. 7252 (Jan. 27, 2022) (Pub. Doc. No. 133 and BC Doc. No. 79).
[13] Referral Results at 1; *see also id*. at 2-3 regarding the scope of the Orders (DOC indicated that "hardwood and decorative plywood is defined as a generally flat, multilayered plywood or other veneered panel, consisting of two or more layers or plies of wood veneers and a core, with the face and/or back veneer made of non-coniferous wood (hardwood) or bamboo." *Id*. at 2. DOC further noted that "{t}he veneers, along with the core may be glued or otherwise bonded together." *Id*. at 2-3).
[14] *Id*. at 1.

with law.[15] The Importers further alleged that they were deprived of certain procedural due process rights, specifically, that, in finding evasion, CBP relied on "secret import data" (i.e., confidential business information) as to which they were denied the right to respond.[16]

Separately, three of the Importers, Far East, Liberty, and IGF, challenged DOC's interpretation of the scope of the Orders, and specifically, whether the scope included "two-ply panels imported from China into Vietnam and {DOC's} determination that hardwood plywood manufactured by {Vietnam Finewood Company Limited} in Vietnam using such Chinese two-ply remains in scope based on the absence of a substantial transformation."[17] As a result of that challenge, the Court found that the Orders did not unambiguously include two-ply panel hardwood plywood and, instead, the scope covered plywood that was "at least three plies."[18] As such, the Court remanded the matter to DOC "to issue a scope ruling concerning Finewood's two-ply panels that is consistent with the unambiguous meaning of the" Orders.[19]

Subsequently, on August 22, 2023, the Court issued *Far East Scope Opinion*, in which it considered the remand results DOC filed relative to the scope of the Orders.[20] On remand, DOC reconsidered its decision and found, under protest,[21] "that hardwood plywood produced by Finewood in Vietnam using Chinese two-ply and subsequently exported to the United States is not subject to the scope" of the Orders.[22] The Court sustained DOC's remand redetermination.[23]

---

[15] *See* Far East Complaint at ¶ 56 and at 26, ¶ 4); *see also* APPI Complaint at ¶¶ 76-77 and ¶¶ 79-82; *see also* IGF Complaint at ¶¶ 80-84 and ¶¶ 86-89.
[16] *See, e.g.,* Far East Complaint at ¶¶ 56-59, ¶¶ 68-70, and ¶ 79; *see also* APPI Complaint at ¶¶ 98-99; *see also* IGF Complaint at ¶¶ 107-108.
[17] *Vietnam Finewood Co. Ltd., v. United States*, 633 F.Supp.3d 1243, 1248 (Ct. Int'l Trade Apr. 20, 2023) (citations omitted).
[18] *Id*. at 1262.
[19] *Id*. at 1265.
[20] *Far East Am., Inc.,* 654 F. Supp. 3d at 1308.
[21] *Id*. at 1310.
[22] *Id.* (citations omitted).
[23] *Id*. at 1311. The *Far East Scope Opinion* was not appealed, and therefore, the Court's decision is final. *See* Remand Order at 6.

Thereafter, given the reversal of the Referral Results because of the holdings in *Finewood* and *Far East Scope Opinion*, on November 8, 2023, the Government filed a Motion for Voluntary Remand (Motion) in the instant matter[24] seeking that the Court permit CBP:

> to reconsider or further explain its evasion determination in light of: (1) {the} Court's decisions in *Far East American, Inc., et al. v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-58 (Ct. Int'l Trade April 29, 2023) … and *Far East American, Inc. et al, v. United States*, Consol. Ct. No. 22-0049, Slip Op. 23-122 (Ct. Int'l Trade Aug. 22, 2023)…in which this Court concluded that plaintiffs' two-ply hardwood products did not fall within the scope of the {Orders}, and (2) the recent decision issued by the United States Court of Appeals for the Federal Circuit in {*Royal Brush*} relative to the treatment of confidential information.[25]

On December 14, 2023, the Court granted, in part, the Motion.[26]

### III. ANALYSIS

The Importers' entries consisted of two-ply hardwood plywood from China which were "further processed in Vietnam to include the face and back veneers of non-coniferous wood."[27] Because CBP could not initially determine whether this hardwood plywood was within the scope of the Orders, it referred the matter to DOC.[28] DOC found that the hardwood plywood constituted covered merchandise.[29] Based on DOC's findings, in part, CBP concluded that there was substantial evidence of evasion by the Importers.[30] After reviewing the merchandise description and dimensions that were included on the Importers' entries, CBP found that the merchandise was "indicative of finished hardwood plywood, complete with face and back laminated veneers, and cut to finished length and width, in which no further processing in Vietnam is necessary, therefore it retains its country of origin as China" and, thus, was subject to

---

[24] Defendant's Motion for a Voluntary Remand, *Far East Am., Inc., et al v. United States*, No. 22-00213, (Ct. Int'l Trade Nov. 8, 2023), ECF No. 65.
[25] Motion at 1-2.
[26] The Court did not grant CBP's request for an amended judicial protective order. *Supra* note 7.
[27] *See* Determination at 5; *see also* Admin. Review at 17, 21, 24-5 and Supp. Admin. Review at 6-9.
[28] Determination at 5.
[29] *Id*.
[30] *Id*. at 8.

the scope of the Orders.[31] More specifically, CBP found that "the number of two-ply panels purchased from China by {the manufacturer} suggests the majority of its finished products were Chinese in origin"[32] and that there "was no reliable evidence…on the record to differentiate between Vietnam-origin and Chinese-origin hardwood plywood{.}"[33] Therefore, CBP found that all the merchandise entered by the Importers from the manufacturer during the period of investigation was subject to AD and CVD.[34]

> Under EAPA, evasion is defined as:
>
> entering *covered merchandise* into the customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.[35]

In turn, covered merchandise is merchandise that is subject to an AD or CVD order.[36] On remand, CBP reviewed the entries made by the Importers during the period of investigation, which was from July 25, 2017 through January 28, 2022, and determined that all entries contained Chinese-origin two-ply hardwood plywood. As DOC determined that plywood made in Vietnam using Chinese two-ply is not subject to an AD or CVD order, no covered merchandise was entered into the customs territory of the United States through material false statements or material omissions.

---

[31] *Id*. at 7.
[32] *Id*. at 8.
[33] *Id*.
[34] *Id*.
[35] 19 U.S.C. § 1517(a)(5) (emphasis added).
[36] *Id*. § 1517(a)(3).

The Determination of Evasion and the Administrative Review Decisions are hereby reversed.[37] Since CBP reverses its determination of evasion, it is unnecessary to address any of the issues relevant to the disclosure of business confidential information as discussed in *Royal Brush*.

IV.  CONCLUSION

Upon review of the entire administrative record, and in light of the Court's decision in *Far East Scope Opinion*, CBP reverses its determination of evasion.

/s/ VICTORIA Y CHO  Digitally signed by VICTORIA Y CHO Date: 2024.02.29 10:48:19 -05'00'

Victoria Cho

Director – Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection



/s/ ALICE A KIPEL  Digitally signed by ALICE A KIPEL Date: 2024.02.29 12:32:41 -05'00'

Alice A. Kipel

Executive Director
Regulations and Rulings
Office of Trade
U.S. Customs and Border Protection

---

[37] Entries subject to this determination have been liquidated. The liquidations of those entries have been protested, and CBP suspended the protests pending a final judgment in this matter. *See Vietnam Finewood Co. Ltd., et al. v. United States*, No. 20-00155 (Ct. of Int'l Trade), ECF No. 24; *Liberty Woods International, Inc. v. United States*, No. 20-00143 (Ct. of Int'l Trade), ECF No. 25. The disposition of such protests is outside the scope of this decision, and therefore, CBP will not address the protests in this redetermination.